WEBB, Curator, Appellant, v. HAYDEN.

Division One, December 17, 1901.

1. **Will:** INTENT: TESTATOR'S RELATIONS TO LITIGANTS. Evidence as to the condition of the testator's feelings towards the persons affected by the will, is competent if it tends to put the court in possession of the facts as the testator viewed them, and helps to explain its doubtful passages. So that, where the suit is by a husband as curator of his minor child against a trustee who holds funds under the will of the minor's mother for the maintenance and education of the minor, it is competent, in trying to decide whether the will made an absolute gift to the minor, or meant, after final settlement of the defendant as executor, that he should hold the funds as trustee during the child's minority, to show that the testatrix when she was making her will expressed anxiety that the child's legacy should not come into the possession or under the control of the child's father from whom she had been divorced.

2. ———: ———: CURATOR'S CONTROL OVER MINOR'S LEGACY. A will said: "I give to my son the sum of $10,000, to be held by my executrix hereinafter named in trust until my said son arrives at the age of twenty-one years and then given to him." *Held*, that there is no ambiguity about this will; that it is not the gift of the legal title to the son; and that the control over it which it gives the executrix is not inconsistent with the gift itself, nor in conflict with the statute which makes the father curator of his child's estate. The will does not create a mere power in the executrix, but creates her a trustee, and the husband of the testatrix, as curator of the minor. is not entitled to force the trustee to surrender possession of the estate to him.

3. ———: PASSIVE TRUST: TEST: STATUTE. Where the trustee is not merely the recipient of the title for the use of the beneficiary, but has a duty to perform in relation to the property which calls for the exercise of judgment or discretion, it is an active trust and is not immediately executed by the statute of uses or otherwise affected by it. So that where the will gave the money to testatrix's son to be held by her executrix in trust until he arrived at the age of twenty-one years and then given to him, said sum to be loaned out by the executrix on real estate and the interest thereon to be

used in keeping, maintaining and educating her said son, it did not create a passive trust, but one which the statute did not affect.

4. **Trust: EXECUTOR: SUCCESSOR AS TRUSTEE: BY WHOM RAISED.** Where the will creates a trust it will not fail for want of a trustee. If it names the executrix as trustee, and she fails to act as either, and the defendant, as the will provides, is made executor, and after final settlement he takes charge as trustee and gives bond, whether legally appointed or not, and proceeds to manage the funds as the will requires, the question of whether the office of trustee follows in succession the office of executor can not be raised by the curator of the infant legatee, since he shows no title in himself.

5. ———: ———: ———: **APPOINTMENT: WAIVER.** The beneficiary of a legacy, by his curator, the plaintiff in this case, brought suit against the executor, after he had taken charge of the trust fund as trustee, in a court of competent jurisdiction, in which he asserted that defendant was in possession as trustee under the will, and complained only that he had not given bond, and praying that he be required to do so, and the court held that he must give bond, which he did. *Held,* that that action was equivalent to an appointment of him as trustee, and he can not now be ousted by the curator of the infant legatee on the ground that he is not trustee.

6. **Parties: CURATOR AS SUCH.** A curator can not, in his own name as such, maintain a suit to recover money or property due or belonging to his ward. The title is in the ward; the curator has only the care and management of the ward's property. The suit should be prosecuted or defended, as the case may be, in the name of the ward by the curator.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins,* Judge.

AFFIRMED.

*H. W. Currey* and *W. R. Robertson* for appellant.

(1) The word "executrix," used in the second clause of the will of Emma I. Webb, is descriptive of the person intended by testator as the donee of the trust power, and the trust or power did not vest in the office of executor or executrix, but in the person intended by the designation "executrix,"

and the power or trust is given Rebecca Hayden as implicitly and exclusively as if the words, "Rebecca Hayden," had been used instead of the words "executrix." Simpson v. Cook, 24 Minn. 180; In re Estate Besley, 18 Wis. 474; Officer v. Simoson, 27 Minn. 147; Compton v. McMahan, 19 Mo. App. 494; In re Rickenbaugh, 42 Mo. App. 328; Ingles v. Jones, 9 Wall. 486; Bennett v. Chapin, 77 Mich. 533; Hays v. Pratt, 147 U. S. 567; Conklin v. Edgerton's Admrs., 21 Wend. 430; Clark v. Tainter, 7 Cush. 567; Smith v. McIntyre, 95 Fed. 585. (2) The will of Emma I. Webb does not create a trust, but merely confers a power. By the terms of the will the title to the ten-thousand-dollar legacy, both legal and equitable, vested absolutely in Ernest Webb at the death of the testatrix, and the direction that the legacy should be loaned by the donee of the trust power was not intended to postpone the vesting or defer enjoyment of legacy, but merely to defer possession thereof. By the provisions of section 3478, Revised Statutes 1899, E. T. Webb, the natural curator of Ernest Webb, after giving bond as curator, was entitled to the possession of the legacy, and so much of the will of Emma I. Webb as directed the possession to be held by some one else, is of no legal effect, because in conflict with such statute. Wall v. Bissell, 125 U. S. 382; Hertz v. Abrams, 110 Ga. 707; Collier's Mill, 40 Mo. 287; Chew v. Keller, 100 Mo. 369; Milford v. Snyder, 137 U. S. 526; Patton v. Luddington, 103 Miss. 648; Martin v. Fort, 83 Fed. 19; Smith v. Smith, 70 Mo. App. 452 (dissenting opinion); In re Estate Soulard, 141 Mo. 663. (3) The power given the executrix to loan the legacy of Ernest Webb, being a mere naked power, not coupled with any interest or trust, it is a matter of personal confidence reposed in the donee and it can not be extended beyond the express words and clear intent of the donor; neither can it be executed by any other person than the one specifically designated by testatrix, and it was discretionary with Rebecca Hayden whether she executed the power, and if she failed, or refused to execute the power, no other person could execute in

her stead, neither could the court appoint a donee of the power. 2 Story Eq. Jur., sec. 1070; Chapin v. Bennett, 79 Mich. 527; Compton v. McMahan, 19 Mo. App. 494; Chew v. Hymann, 7 Fed. 15. (4) The power given the executrix to loan the legacy on real estate in Jasper county, and collect the interest and use the same in educating the legatee, Ernest Webb, is a naked power not coupled with any interest. Emmons v. Gordon, 140 Mo. 490; Brown v. Massey, 138 Mo. 531; Simpson v. Carson, 11 Or. 363; Lockhart v. Forsythe, 49 Mo. App. 658; Gardner v. Bank, 10 Mont. 153; Taylor v. Benham, 5 How. 269; Wicks Heirs v. Rector, 4 Ark. 280; Terwilliger v. Ontario, 43 N. E. 434; Steele v. Farver, 37 Mo. 71. (5) The father of a minor, on the death of the mother, becomes the natural guardian and curator of their children, and is entitled to the care and custody of their estates. Sec. 3478, R. S. 1899. (6) The judgment in the proceedings to require defendant Hayden to give bond will not support the plea of *res adjudicata*, because his right to act as trustee was not involved in that case. Before the plea of *res adjudicata* will be sustained, the party raising that issue must show that the judgment was the result of an actual and fair trial of the issues; it is not sufficient that there is an inference of a decision on that point. 21 Am. and Eng. Ency. of Law (1 Ed.), pp. 126, 199; People v. Johnson, 38 N. Y. 63; Brooks v. Logan, 13 N. E. 669; Fish v. Lightner, 44 Mo. 268; State ex rel. v. Police Commissioner, 81 Mo. App. 206.

*Frank L. Farlow* and *Howard Gray* for respondent.

(1) The word "executrix," used in the will of Emma I. Webb, is the proper word to use where a female is appointed to carry out the terms of a will, and the word "executor" is used when speaking of Thomas C. Hayden, simply because it would not be proper to call him executrix. Mrs. Webb certainly intended that whoever qualified under the will should carry out its terms. She did not intend that if her mother

refused to act, her brother would be the executor of the will, and then her mother also hold the funds as executrix. In construing this will, the court will look to all parts of it, and look at the situation of the testatrix and the persons named in the will in order to construe it, and where the words have been given a certain construction by the testatrix, the court will so construe said words, and place the construction upon the will that the testatrix intended it should have. In this case, Mrs. Webb construed the word "executrix" to mean executor, in paragraphs one and five of her will. This being true, she must have used the word "executrix" in the same sense in paragraph six. Small v. Field, 102 Mo. 104; McMillan v. Farrow, 141 Mo. 55. And words may even be supplied to effectuate the manifest intention of the testatrix. Nichols v. Boswell, 103 Mo. 151; Thompson v. Thompson, 115 Mo. 56. (2) The will of Emma I. Webb creates a trust and not merely confers a naked power, as claimed by plaintiff. Pugh v. Hays, 113 Mo. 424; Simpson v. Erisner, 155 Mo. 157. (3) While the defendant believes that no other construction can be placed on the will (if the intentions of Mrs. Webb are to be followed) but that he is the trustee by the terms thereof, yet, if the court should find against him on this proposition, he contends that he is the trustee by virtue of appointment made by the circuit court for Jasper county, Missouri, at its June term, 1898. This judgment could only have been rendered by the court after finding that respondent was the trustee under the will, and, therefore, the plea of former adjudication is good. Dickey v. Heim, 48 Mo. App. 114; Short v. Taylor, 137 Mo. 517; Donnell v. Wright, 147 Mo. 639; Ridgeway v. Stillwell, 27 Mo. 132. (4) The will attempts to create a trust and the court will never let a trust fail for the want of a trustee. Brandon v. Carter, 119 Mo. 572. (5) The curator was not entitled to any judgment in this case, giving him the trust funds as curator. Even though the trial court should have found that the defendant is not named as trustee under the

will, yet it would have been the duty of the court to appoint a trustee and thereby carry out the intention of Mrs. Webb.

VALLIANT, J.—Plaintiff sues in his own name as curator of the estate of Ernest Webb, a minor, for moneys alleged to belong to the minor, in the possession of the defendant. The answer admits that the funds in question have come into the hands of defendant, but that they came to him as trustee, and are held by him as such with duties in relation thereto to be performed. The answer also pleads that after the defendant became possessed of the funds, a suit was brought in the name of the minor as plaintiff against this defendant, charging that he held the funds as trustee under the will of that plaintiff's mother, averring that he had given no bond as such trustee and praying that such bond be required and that the court so decreed and bond was given. Issues were joined on these pleas. At the trial it was shown that Ernest Webb, an infant under fourteen years of age, was the son of E. T. Webb, the plaintiff in this suit, and Emma I. Webb; that the parents of this child had been divorced and the child had lived with its mother up to the time of her death; that she left a will in which were the following clauses:

"2. I give, devise and bequeath to my son, Ernest Webb, the sum of ten thousand dollars, said sum to be held by my executrix hereinafter named in trust until my said son arrives at the age of twenty-one and then given to him. Said sum during the infancy of my son to be loaned out by executrix on real estate in Jasper county, Missouri, and the interest thereon to be used in keeping, maintaining and educating my said son.

"3. I give, devise and bequeath to my niece, Madge B. Gaston, the sum of two thousand dollars, to be held in the same manner and invested and expended as is provided in the preceding paragraph for the holding, investing and expending of the ten thousand dollars bequeathed to my son, Ernest Webb; provided, however, that in case of the death of

the said Madge B. Gaston at any time during infancy, then the said sum herein bequeathed to her shall become the money and property of my son, Ernest Webb, and may be used in educating him.

"5. In case at my death I should not have in money the sums herein willed to my son and niece, but have the same in property, then I desire that my executrix shall, after having it appraised by three disinterested freeholders of Jasper county, appointed by the probate judge of said county, to sell at public or private sale sufficient property to obtain said sums, provided said property shall not be sold at less than three-fourths of its appraised value.

"6. I hereby constitute, nominate and appoint my mother, Rebecca Hayden of Jasper county, Missouri, executrix of this my last will and testament, and in case of her death or refusal to act, then I desire that my brother, Thomas C. Hayden, shall become the executor of this will, and he is hereby constituted, nominated and appointed such executor in case of my mother's death or refusal to act."

The mother of testatrix did not qualify, but the brother, Thomas C. Hayden, did, and administered the estate. On his final settlement as executor he was allowed credit for $13,189.-05 as amount transferred by himself as executor to himself as trustee, under the will, for the use of Ernest Webb and Madge Gaston, legatees, and his receipt as such trustee was filed as a voucher for the credit in his account as executor.

After the death of the mother, the father qualified as curator of the estate of the child, Ernest, and one H. G. Gaston became the curator of the estate of Madge Gaston. A suit was filed in the circuit court, in which these two infants, by their respective curators, were plaintiffs and this defendant was defendant, in which the provisions of the will, the final settlement of the estate, the transfers of the funds, etc., as above stated, were set out in the petition and it was therein stated that the defendant was in possession of the funds claiming to

hold them as trustee under the will, and "that by said will said trust is to continue until Ernest Webb arrives at the age of twenty-one years and Madge Gaston attains her majority. That said Thomas C. Hayden has not given any bond or other security for the faithful performance and discharge of the duties of said trust. That it is highly improper that said Thomas C. Hayden be permitted to hold and invest said funds until the termination of said trust without giving such security. Wherefore, plaintiffs ask that this court require said Hayden to give satisfactory and solvent bond in sum as to the court may seem proper to secure the faithful execution of said trust." The defendant entered his voluntary appearance, filed his answer admitting the facts as stated, and offered to give whatever bond the court might deem right to require. The court decreed that defendant give bond and security in a sum specified "for the faithful execution of said trust," and such a bond was given and the security approved. The funds have been invested by the defendant and he now holds the securities. There was evidence offered to show that testatrix, when she was making her will, expressed anxiety that the legacy to her son should be so guarded as that it would not come into the possession or control of her divorced husband, but on objection of the plaintiff the testimony was rejected. The court gave judgment for defendant and the plaintiff is appellant.

I. A testator's meaning is to be found in his will alone; from the will itself we must learn the testator's intent. But if the language employed is of doubtful meaning or susceptible of either of two constructions, evidence as to the condition of the testator's feeling toward the persons affected by the will is competent, if it tends to put the court in possession of the facts as the testator viewed them and helps to explain the doubtful passage. [Hurst v. Von De Veld, 158 Mo. 239; Murphy v. Carlin, 113 Mo. 112.] If the language of this will left us in doubt whether the testatrix intended to give an absolute legacy to her child, vesting the legal title in him at

once so that the legacy would be collectible by his curator, or intended to be held for him by another in trust until he should come of age then the evidence offered should have been received for it tended to throw light on the obscure point. But if, on the other hand, the meaning could with reasonable certainty be gathered from the will itself, the testimony was properly rejected. The court doubtless deemed the will sufficiently clear to manifest its own meaning.

II. The language of the will is: "I give, devise and bequeath to my son, Ernest Webb, the sum of ten thousand dollars, said sum to be held by my executrix hereinafter named in trust until my said son arrives at the age of twenty-one years and then given to him." Then follow directions for investment, etc. It is difficult to see how two constructions could be claimed for these words. The legacy was given to the child, but by the same sentence it was not to be given to him until he was twenty-one years old, and in the meantime it was to be held in trust by the person to be thereafter named in the will as executrix.

Appellant construes this to mean that it is a gift of the legal title to the child and that the control over it which the subsequent words in the clause attempted to give to the executrix are inconsistent with the gift itself and in conflict with the statute (section 3478, Revised Statutes 1899), which makes the father the curator of his child's estate, or at most that it is a mere power, and not a trust. That construction would be equivalent to erasing from this clause every word after, "I give, devise and bequeath to my son, Ernest Webb, the sum of ten thousand dollars." That would be to violate the manifest intention of the testatrix. Her will that her son should have the $10,000 named is not more clearly expressed than that it should be held in trust and not given to him until he became twenty-one years old. If the language had been, "I give and bequeath to my executrix, hereinafter named, ten thousand dollars in trust for the sole use of my son, Ernest,

but not to be given to him until he is twenty-one years old," it would have been more accurate in terms, but not more certain of purpose. It can not be gathered from the will that it was an immediate bequest to the child; it was a bequest in trust for his use.

Appellant next insists that if it was a trust, then it was but a passive trust which the statute of uses immediately executed. Where the trustee is not merely the recipient of the title for the use of the beneficiary, where he has a duty to perform in relation to the property which calls for the exercise of judgment or discretion, it is an active trust, and is not affected by the statute of uses. [Pugh v. Hayes, 113 Mo. 424; Simpson v. Erisner, 155 Mo. 157.] In this will it was made the duty of the trustee to invest the funds during the infancy of the beneficiary and use the interest in his maintenance and education. That duty appealed to the fidelity and discretion of the trustee as well in making the investment as in the judicious expenditure of the interest. And along with the legacy to the son of the testatrix was the determinable legacy to her niece, which was to be managed in the same way, and in case of the death of that legatee before her majority the duty devolved on the trustee to divert the fund to the use of the son of the testator. In this connection the testatrix refers to the duty of the trustee in reference to the legacy to her son as that of "holding, investing and expending." It was an active and not a passive trust.

Appellant also says that if it were a trust and one carrying an active duty in relation to the fund, yet it was limited to the person named as executrix, not in her capacity as executrix but as an individual, and, hence, did not go to the office of executor where Hayden qualified and therefore Hayden had no right merely by virtue of his office of executor, in default of the qualifying of the executrix, to assume the office of trustee.

We are favored with an able argument on this point by

the learned counsel for appellant, who cites numerous authorities to support this position. [2 Story Equ. Jur., sec. 1070; Bennett v. Chapin, 77 Mich. 526; Compton v. McMahan, 19 Mo. App. 494; Chew v. Hyman, 7 Fed. R. l. c. 15.] Without passing on the correctness of that proposition, it may be conceded and yet not be decisive of this case. It would carry us no farther than to say that only one person was designated as trustee, that that person has omitted to act, and the will has given no direction for the substitution of another. But the trust still exists; it will not fail for want of a trustee. The fact that the plaintiff in this suit is the curator of the general estate of the person named as beneficiary of the trust, does not make him the trustee. If, as appellant contends, the office of trustee does not follow in succession to the office of executor, then there was no duly appointed trustee. Whatever rights and duties there are in relation to this trust are derived from the will; the curator gets his powers, whatever they are, from the statute. He asks in this suit only what he claims to be his rights, which the statute attaches to his office as curator. The statute does not make him a trustee of this trust, neither does the will; it would therefore avail him nothing to break down the defendant's title.

Assuming that Hayden did not, by virtue of his office as executor, become the legally appointed trustee, what then is the situation? He is in possession of the property claiming to be the trustee, has made the investments, is managing the securities as the will requires, and is liable to be called to account as trustee. His possession can not be disturbed by one who shows no title in himself.

III. If there was no trustee, the circuit court, as a court of equity having jurisdiction over the persons and the subject, was empowered to appoint a trustee. The beneficiaries in this trust, by their respective curators, the son of the testatrix by this plaintiff, brought suit against this defendant alleg-

Vol 166 mo—4

ing that he was in possession of these trust funds, setting out the will and all the facts in relation to defendant's connection with the funds, stating that he was holding the funds claiming to be the trustee under the will, yet had given no bond and praying that he be required to do so.

In their petition in that case those plaintiffs designated this bequest as a trust, saying that by the will the trust was to continue until the plaintiffs were of age and that Hayden had given no bond for the faithful performance of the duties of the trust. That suit resulted in a decree in which it is recited that Hayden was acting as trustee under the will, and as such trustee had received $13,189.05, and required him to give bond and security "for the faithful execution of said trust created by said will," and that was done. In a court competent to appoint a trustee, all parties in interest being present and assuming and asserting that the defendant was in possession acting as trustee under the will, complaining only that he was deficient in not having given bond and asking that that deficiency be supplied, a decree is rendered requiring the bond and it is given; was not that equivalent to an appointment if an appointment was necessary? It did not occur to the plaintiffs in that suit to question that the will created a trust and that it was a trust in which were duties to be performed, of such importance as justified the demanding of a bond.

IV. A curator can not, in his own name as such, maintain a suit to recover money or property due or belonging to his ward. In this respect a curator differs from an administrator. Title to the personal property of an intestate's estate vests in the administrator for the purposes of administration, and by force of that title he may maintain a suit to recover assets of the estate. But no title vests in a curator, he has only the care and management of his ward's property; the title is in the ward. The curator represents his ward in a suit, but the suit should be prosecuted or defended, as the case may be, in the name of the ward by his curator, not by the curator

in his own name as such. [Judson v. Walker, 155 Mo. 166.]

The circuit court took the correct view of this case, and its judgment is affirmed. All concur.