# BETTIE FREEMAN et al. v. GEORGIA MAXWELL, Appellant.

### Division Two, November 24, 1914.

1. **WILL: Life Estate: Remainder: Construction.** A's will read, in part: "I hereby will and bequeath . . . to my daughters Dora, Annie, Maggie, and Amanda, severally, the sum of $800 each, to be paid to them severally except to my said daughter Amanda; the share given her I bequeath to her sole and separate use, and I hereby constitute W her trustee" to lend or invest and manage her share for her, "paying over the interest thereon . . . for her support and maintenance, and any part of the principal if he shall deem it necessary, the balance remaining after the death of my said daughter to go to her surviving children share and share alike." Amanda's trustee invested her share in realty, taking title in himself as trustee, and put her in possession. She deeded a half interest in the land to her daughter Georgia, and by will devised a half interest in the remainder to the same daughter, her other children to have what was left. *Held*, that under A's will Amanda took a life estate only, with remainder to her surviving children, and therefore neither her deed nor her will was effectual to pass title.

2. ————: ————: ————: **Separate Estate: Land Purchased by Trustee.** The fact that the trustee of a fund given by will to a woman for her sole and separate use for life, remainder to her surviving children, when he invested the fund in realty and put her in possession took the title in himself as her trustee with no provision for the remainder to her children, does not defeat the remainder.

3. ————: ————: ————: ————: ————: **Trustee's Power of Disposing of Principal.** A's will bequeathed a fund in trust for his daughter's sole and separate use, remainder to her surviving children, the trustee to pay over the interest, and any part of the principal if he should deem it necessary, for her support. The trustee invested the fund in realty and put the daughter in possession, taking the title in himself as trustee with no provision as to the remainder. *Held*, that since there is nothing in the record to indicate that it ever became necessary to use any of the principal for the *cestui's* support, it cannot be presumed that the trustee in buying the land and taking the title as he did intended to exercise his power of paying her the principal and thought thereby to vest her with the fee in the land.

Appeal from Boone Circuit Court.—*Hon. David H. Harris,* Judge.

AFFIRMED.

*H. D. Murry* for appellant.

(1)  The court erred in holding that Amanda Brashears had only a life interest in the rents and profits of the real estate in question and described in the petition of plaintiffs.  This question depends upon the construction to be given the deed from McHenry Barkwell et al., to George W. Henderson, trustee for Amanda Brashears (a married woman), for her sole and separate use, and the will of Gilbert Akers, deceased. There are no words in either the deed or will which expressly limit Amanda Brashears's use to her life only. Nor are there any words which indicate an intention to so limit her estate and use in said land. Amanda Brashears under the will of her father, Gilbert Akers, and by said deed, took an equitable fee simple estate in the property therein bequeathed and conveyed to her. Cornet v. Cornet, 248 Mo. 184; Guy v. Mayer, 235 Mo. 390; Settle v. Shafer, 229 Mo. 561; Jackson v. Littel, 213 Mo. 589; Sevier v. Woodson, 205 Mo. 203; Gannon v. Pauk, 200 Mo. 75; Gannon v. Albright, 183 Mo. 238; Roberts v. Crume, 173 Mo. 572; Roth v. Rauschenbusch, 173 Mo. 582; Yoacum v. Silver, 160 Mo. 281; Ryland v. Banks, 151 Mo. 12; Nichols v. Boswell, 103 Mo. 151; Small v. Field, 102 Mo. 104; Crew v. Keller, 100 Mo. 362; McLillen v. Larchor, 45 N. J. Eq. 20; Wolfer v. Hemmer, 144 Ill. 554.  (2)  The court erred in not holding that the whole estate became executed in Amanda Brashears, the beneficiary, upon the death of her husband on March 22, 1910.  Nothing can be plainer, under the decisions of this State, than that, where a trustee is appointed to hold the estate of a married woman, to protect it from the husband, as in

this case, and the marriage relations come to an end, her estate at once becomes executed in the person who is to take it, the wife, if living, or if she is dead, her heirs at law. In other words, when the conditions under which the trust or use ceased, the seizin and possession were transferred by operation of law to the beneficiary. Here, in this case, a trustee was appointed simply because the beneficiary has married Scott Brashears, and when he died, on March 22, 1910, the marriage relations ceased, the trust ceased, then the law executed the use in Amanda Brashears, and transferred to her the legal as well as the equitable estate. Roberts v. Moseley, 51 Mo. 282; Pitts v. Sheriff, 108 Mo. 116; Small v. Field, 102 Mo. 104; 1 Sanders on Uses and Trusts (Am. Ed.), 253; 2 Washburn on Real Property (3 Ed.), 461, sec. 45; Morgan v. Moore, 3 Gray, 323; Stracy v. Rice, 27 Pt. St. 75; Mark v. Mark, 9 Watts, 410; Sec. 2867, R. S. 1909; Blumenthal v. Blumenthal, 251 Mo. 703.

*F. G. Harris* and *Finley & Sapp* for respondents.

(1) The trial court correctly construed the will of Gilbert Akers as creating a trust for the benefit of Amanda Brashears and her children. (a) The intention of the testator is the controlling guide, and that intention must be gathered from the four corners of the will, in the light of the circumstances under which it was written. Board of Trustees v. May, 201 Mo. 60; Grace v. Perry, 197 Mo. 550; Mueller v. Buenger, 184 Mo. 458. (b) Item fifth of the will of Gilbert Akers created a trust fund for the sole and separate use of Amanda Brashears during her life with a remainder to her surviving children of so much of the *corpus* of the fund as remained after her death. Harbison v. James, 90 Mo. 411; Garland v. Smith, 164 Mo. 1; Gibson v. Gibson, 239 Mo. 490; Ewing v. Shannahan, 113 Mo. 196. (c) The trustee having active duties to per-

form, the trust was an active one as distinguished from a dry trust. Webb v. Hayden, 166 Mo. 48. (d) And the trust could not cease during the life of Amanda Brashears. This is true even though the trustee permitted her to reside on and have the use of the trust property. Pugh v. Hayes, 113 Mo. 434. (e) The fee simple title passed to the remaindermen upon the death of Amanda Brashears, the purpose of the trust having been accomplished. 28 Am. & Eng. Ency. Law (2 Ed.), p. 947; Pugh v. Hayes, 113 Mo. 434; Ewing v. Shannahan, 113 Mo. 196; Gibson v. Gibson, 239 Mo. 506. (f) The term "surviving children" excludes grandchildren, and the trial court properly held that the title is vested in the nine surviving children of Amanda Brashears. Sullivan v. Garesche, 229 Mo. 496; Ringquist v. Young, 112 Mo. 25. (2) The trial court correctly construed the deed to the trustee under which plaintiffs claim title. (a) Where land is purchased with money belonging to a trust fund a resulting trust is created in favor of those entitled to the fund. Patterson v. Booth, 103 Mo. 402; Condit v. Maxwell, 142 Mo. 266. And this is true even though the entire purchase money does not consist of trust funds. In such case a resulting trust will be decreed to the extent of the fund so applied. Shaw v. Shaw, 86 Mo. 594; Bowen v. McKean, 82 Mo. 594. (b) The fact that the husband furnished a part of the purchase money does not alter the title of plaintiffs and defendants as found by the court. The husband must be presumed to have intended to add to the trust fund the amount furnished. Alexander v. Warrance, 17 Mo. 228; Viers v. Viers, 175 Mo. 444; Curd v. Brown, 148 Mo. 82; Ilgenfritz v. Ilgenfritz, 116 Mo. 429; Gilliland v. Gilliland, 96 Mo. 522. (c) The legal title remained in the trustee or his heirs until the death of Amanda Brashears or until the trustee in the exercise of his discretion consumed the principal in the support and maintenance of the life tenant. The trustee had no au-

thority to change the uses to which the fund should be applied and his actions and report show that he did not so intend. Arnold v. Brockenbrough, 29 Mo. App. 625; Cornwell v. Wulff, 148 Mo. 542. And the fact that the deed failed to express a remainder over to the surviving children of Amanda Brashears cannot affect the rights of the remaindermen under the terms of the will creating the trust fund. The intention of the original donor must be kept in mind even in construing the deed to the trustee. Clark v. McGuire, 19 Mo. 312.

WILLIAMS, C.—This is a suit to determine the title to 80 acres of land in Boone county, Missouri, described as follows: The south half of the northeast quarter of section 4, township 48, range 13. The plaintiffs, Bettie Freeman, Birdie Davenport, Minnie Herndon, Pearl Anderson, Gardiner Brashears, James Brashears, Scott Brashears, Gilbert Brashears, and the defendant Georgia Maxwell, are the only surviving children of Amanda Brashears, deceased. In 1885, one Gilbert Akers, the father of said Amanda Brashears, deceased, died, leaving a will bequeathing a certain legacy in trust for his daughter Amanda. That portion of his will involved in this suit was as follows:

"Item Fifth. I hereby will and bequeath to my sons Thomas and Bartemius Akers, the sum of five hundred dollars each, and to my daughters Dora, Annie, Maggie and Amanda, severally the sum of eight hundred dollars each, to be paid to them severally except to my said daughter Amanda who has intermarried with Scott Lashires, the share given her I bequeath to her sole and separate use and I hereby constitute James H. Waugh her trustee to whom my said executors will pay over the share of my said daughter Amanda, and who will loan or invest and manage the same for the best interest of my said daughter, paying over to her the interest thereon as the same shall ac-

crue, for her support and maintenance, and any part of the principal if he shall deem it necessary, the balance remaining after the death of my said daughter to go to her surviving children share and share alike.

"Item Sixth. . . . And in case my estate after the death of my wife shall be insufficient to pay all said legacies in full, I direct that they shall be abated *pro rata,* and whatever excess there may be after paying said legacies (if any) I direct to be divided equally between my said daughters."

Mr. James H. Waugh, named as trustee in said will, declined to act as such trustee and, on April 22, 1887, made application to the circuit court of Boone county, Missouri, praying that one George W. Henderson be appointed as such trustee in his stead. Said circuit court thereupon appointed said George W. Henderson as such trustee "to carry out the provisions of said will creating said trust." It appears that the estate of said Akers was not sufficient to pay the various legacies in full and said Amanda's legacy was reduced to the sum of $648.13. This amount was paid by the executors of said Akers' estate to the said George W. Henderson, trustee for said Amanda Brashears. The said trustee made no report to the circuit court for many years and at the October term, 1905, of the circuit court of Boone county, after citation to appear and make settlement, said trustee appeared and filed the following report.

### REPORT AND SETTLEMENT.

Now at this day comes George W. Henderson, trustee for Amanda Brashears, and shows unto the court that heretofore, to-wit, on the 22d day of April, 1887, he was duly appointed trustee for Amanda Brashears in the place of James H. Waugh, who was named as her trustee in the will of Gilbert Akers, said will being duly recorded in the probate court records of Boone county, Missouri, in book E, page 422; that the resignation of the said James H. Waugh, as such trustee, and the appointment of his successor fully appears on the records of this court, in book P, page 84; that in pursuance of said order of appointment, he duly qualified and gave bond as required

and that said bond was duly approved by this court in its order of record, duly recorded in book P, page 134; that shortly after his appointment he received from Robert L. Todd, the executor of the last will and testament of the said Gilbert Akers, the following personal property and money, to-wit:

The said circuit court approved the report of the trustee and excused him from making any further settlement in the matter "until the further order of the court." The real estate involved in this suit is the same real estate that was purchased by said George W. Henderson, trustee, as mentioned in his above report, and "George W. Henderson, trustee for Amanda Brashears, for her sole and separate use," was named as the grantee in said deed. It is admitted that the grantors in said deed were the owners of said land upon the date of the execution of said deed. Said Amanda Brashears died March 17, 1911, and her husband Scott Brashears died March 22, 1910. It also appears that said George W. Henderson, trustee, is dead. The date of his death is not shown. The separate answer of defendant Georgia Maxwell contained first a general denial and further alleged that she was the owner in fee simple of the east 40 acres of this tract and further that she was the owner in fee simple of an undivided one-half interest in the west 40 acres of said tract. Plaintiffs replying to said separate answer allege that "the entire claim of title made by said defendant is based upon conveyances by, through and under Amanda Brashears, the mother of said defendant; that said Amanda Brashears was in fact entitled to a life estate only in the lands described in plaintiffs' petition and had no right or authority to convey the same, or any part thereof, to said defendant, Georgia Maxwell." Defendant Georgia Maxwell testified that from 1904 until the death of her father and mother she resided with them on the farm, doing work on the farm and about the house, and caring for her parents in their old age. She introduced in evidence a deed dated October

5, 1910, whereby said Amanda Brashears undertook to convey by straight warranty deed to said Georgia Maxwell the east 40 acres of the land involved in this suit, reserving to the grantor a life estate therein. Defendant then introduced in evidence the last will and testament of said Amanda Brashears. By this will testator bequeathed all her personal property to her said daughter Georgia Maxwell. The will further provided that of the real estate of which testator might die seized an undivided one-half thereof was devised to said Georgia Maxwell and the remaining one-half to her other children, naming them, and the children of certain deceased children. It was admitted upon the trial that the land is now worth from $2000 to $2500. The case was tried by the court without a jury. The court found that said Amanda Brashears left nine surviving children, being the same nine persons above named. The court found that these nine surviving children were the owners in fee simple, as tenants in common, of the real estate described in plaintiffs' petition, and that said Amanda Brashears had only a life interest in the rents and profits of said real estate and that therefore defendant Georgia Maxwell received no title to said land by reason of the deed and will executed by said Amanda Brashears. The court thereupon adjudged that said nine surviving children were owners in fee of said land and that each of said children was seized of an undivided one-ninth interest in said land and that the other parties to this action, to-wit; the grandchildren of said Amanda Brashears, had no title or interest in or to said land. Defendant Georgia Maxwell alone appealed.

For the purposes of this review, we will consider the case as though the entire purchase price of the land was supplied from the trust fund provided by the will of Gilbert Akers, and will not take

**Will:**
**Life Estate:**
**Remainder:**
**Construction.**
into consideration the fact that $166 of the purchase price was advanced by the husband of Amanda Brashears. This for the reason that such appears to be the theory upon which the case was tried in the circuit court. Whether this payment of $166 of the purchase price of the land purchased by the trustee would operate to establish to that extent a resulting trust in said land in favor of the husband, or whether said payment was intended as an addition to the trust fund provided by the will of Gilbert Akers and to be controlled by the directions of said will, or still further whether it was intended that said payment should be considered as a separate and distinct trust estate to be controlled by the terms of the deed conveying the land to the trustee, would on account of the present undeveloped record on that feature of the case be impossible to determine with accuracy, hence we leave that point where the parties themselves have seemed content to leave it, i. e., outside the consideration of the case.

What interest then did Amanda Brashears acquire in the trust fund by the will of her father, Gilbert Akers? This is the vital question presented by this appeal. Whatever interest she acquired in the trust fund by said will could be followed into the land in which the fund was invested. [Patterson v. Booth, 103 Mo. 402, 1. c. 413.]

If the will gave her an absolute equitable interest in the trust fund, then her interest in the land purchased with said fund would be an equitable fee simple estate. If she owned the land in fee simple either as a legal or equitable estate, she could by will or deed make conveyance of same (Ryland v. Banks, 151 Mo. 1; 1 Perry on Trusts [6 Ed.] 321) and in that event defendant Georgia Maxwell would, by virtue of the deed from her mother, become the owner of the fee to the entire east 40 acres, and by her mother's will the owner

of an undivided one-half interest in the fee to the west 40 acres.

If, on the other hand, Amanda acquired by said will only a life estate in the income from said fund, then her interest in the land would be a life estate and neither her deed nor will could convey the fee to Georgia Maxwell.

The clause of the will requiring interpretation is as follows:

"Item Fifth. I hereby will and bequeath Thomas and Bartemius Akers, the sum of five hundred dollars each, and to my daughters Dora, Annie, Maggie and Amanda, severally the sum of eight hundred dollars each, to be paid to them severally except to my said daughter Amanda who has intermarried with Scott Lashires, the share given her I bequeath to her sole and separate use and I hereby constitute James H. Waugh her trustee to whom my said executors will pay over the share of my said daughter Amanda, and who will loan or invest and manage the same for the best interest of my said daughter, paying over to her the interest thereon as the same shall accrue, for her support and maintenance, and any part of the principal if he shall deem it necessary, the balance remaining after the death of my said daughter to go to her surviving children share and share alike."

It will be noticed that this clause of the will is composed of but one sentence. If the clause terminated after the word "severally," in the fourth line thereof, there could be no doubt but that an absolute interest in said money was vested in Amanda Brashears. But the clause does not end there and the very next word we encounter is "except." Then follows the provision providing for the appointing of a trustee, the payment of the legacy to the trustee, and directions to the trustee to invest the fund and to pay the interest therefrom, and any part of the principal the trustee may deem necessary, for the support and maintenance of

said Amanda. Then the sentence continues as follows: "the balance remaining after the death of my said daughter to go to her surviving children share and share alike." If we should construe this will in harmony with appellant's contention, it would in effect be to erase from the will the words last above quoted. Those words are not ambiguous in meaning, but are as clear in meaning as any portion of said clause, and being bound to the first part of the clause, as a part of an exception with reference to the interest Amanda shall take in testator's property, it appears to us that it is the key to the true intent of testator. We have carefully reviewed the many authorities cited by appellant in support of her contention. Some of the cases cited hold that a remainder over, after what purports to be a devise of the fee, is void. But that is no longer the law of this State, as will appear from a reading of the case of Gibson v. Gibson, 239 Mo. 490, wherein the Missouri cases on the subject are reviewed and some of the cases cited by appellant are expressly overruled. Appellant cites another line of cases holding that what would otherwise be a fee or absolute estate in the first taker cannot be reduced to a less estate by words of ambiguous meaning. These cases, undoubtedly, declare the settled law in this State on that proposition, but have no application to the present case for the reason that the words used by the testator in the present case are not ambiguous in meaning but clearly express an intention on the part of the testator that such portion of said trust fund as should not be necessarily used by the trustee for the support and maintenance of Amanda should go to the surviving children of Amanda.

The intention of the testator must control. It is the duty of the court, not to make, but to construe wills, and when once the true intention of testator is ascertained, operating within a sphere not prohibited by law, that intention should prevail and be enforced.

· Neither is the result in the present case to be changed by reason of the fact that the deed conveying the land to the trustee fails to provide for the remainder over in the surviving children of the named *cestui que*. The directions of the donor, Gilbert Akers, testator and settlor of the trust, and not the granting words of the grantor in said deed, who receives in payment for said land the money from the trust fund, should be allowed to control the channel of the trust estate (Clark v. Maguire, 16 Mo. 302, l. c. 312-3), and especially so where, as here, the rights of an innocent purchaser without notice are not involved. But, says appellant, the trustee was given power by the will of the settlor to dispose of the principal of said trust fund for the support of Amanda, and having the deed made to the land in that manner amounted to an exercise of the power of disposal lodged in the discretion of the trustee, and therefore Amanda became by said deed vested with the fee simple title.

*Title Taken by Trustee: No Provision as to Remainder.*

We are unable to agree with this contention. The trustee took the legal title in his own name. By the terms of the will his trust was an active one, as distinguished from a dry trust (Pugh v. Hayes, 113 Mo. 424, l. c. 431-434; Webb v. Hayden, 166 Mo. 39, l. c. 48), in that he had a continuing control over the trust estate to see that Amanda received the interest therefrom, and if that should not be sufficient to meet the requirements, he was given the power, within his discretion, to use such of the principal as he might deem necessary for her support and maintenance. There is nothing in the record to indicate that it ever became necessary to use any of the principal for her support, and in the absence of clear and cogent proof on that point it will not do to infer that the trustee did that which it appears he did not do and which there would appear no valid reason for doing.

Other legal propositions are discussed by appellant in her brief and we have given them careful consideration, but since the conclusions above announced are decisive of the interests of the respective parties in said land, it becomes unnecessary to discuss other legal questions which could not change the above result.

It follows that the judgment of the court is correct and should be affirmed. It is so ordered. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.