**Earl BRANT, Plaintiff,**

**v.**

**Lee Anna BRANT (Seabaugh) (Defendant), Respondent,**

**R. P. Smith, Trustee for Earl Brant (Garnishee), Appellant.**

No. 29038.

St. Louis Court of Appeals.

Missouri.

Nov. 16, 1954.

Rehearing Denied Jan. 14, 1955.

Jack O. Knehans, Cape Girardeau, for defendant-respondent.

HOUSER, Commissioner.

This is a garnishment proceeding brought by Lee Anna Brant, divorced wife and judgment creditor of Earl Brant, against R. P. Smith, trustee of a spendthrift trust created for the benefit of Earl Brant.

Earl Brant and Lee Anna Brant were divorced in 1934. In 1937 judgment was entered against Earl Brant ordering the payment to Lee Anna Brant of certain sums for support and maintenance of the child of the marriage. On July 15, 1948 the Cape Girardeau Court of Common Pleas found that Earl Brant owed Lee Anna Brant $1,195 plus interest in the amount of $104.70 for unpaid weekly installments previously allowed, and ordered that judgment against Earl Brant be revived in that sum.

In 1949 Earl Brant's mother, Martha Ann Smith, died leaving a sum in a testamentary trust for Earl Brant with instructions to R. P. Smith, trustee, "to support and maintain the said Earl Brant therefrom" until he should convince the trustee of his capacity to manage and preserve the fund. The trust fund consisted of cash. There has been no income from the trust fund since the closing of the estate. The condition for the termination of the trust has not come to pass and the principal fund, amounting to $1,605.73, is in the hands of the trustee. It is this fund which Lee Anna Brant seeks to garnish in satisfaction of her judgment.

The Cape Girardeau Court of Common Pleas held that the corpus of the testamentary spendthrift trust was subject to the claims of the judgment creditor and rendered judgment in favor of Lee Anna Brant and against R. P. Smith, trustee, for $1,287.95. From the judgment the trustee has appealed.

Appellant makes the point that the lower court erred in refusing to dismiss the interrogatories to the garnishee

R. P. Smith, Cape Girardeau, for plaintiff and garnishee-appellant.

because they were filed out of time. This question cannot be reviewed for the reason that this point was not preserved in appellant's motion for a new trial. Rule 3.23 of the Supreme Court, 42 V.A.M.S.

The only live question on this appeal is whether the *corpus* of a spendthrift trust is subject to garnishment in aid of execution on a judgment for the support of a child of the cestui que trust.

Section 456.080 RSMo 1949, V.A.M.S. provides:

"All restraints upon the right of the cestui que trust to alienate or anticipate the income of any trust estate in the form of a spendthrift trust, or otherwise, and all attempts to withdraw said income of any trust estate from the claims of creditors of the cestui que trust, whether said restraints be by will or deed, now existing or in force, or, which may be hereafter executed in this state, be and the same are hereby declared null and void and of no effect, as against the claims of any wife, child or children, of said cestui que trust for support and maintenance, or, as against the claim of any said wife for alimony."

Respondent urges that it was the legislative intent to prevent a man from using the device of a spendthrift trust to escape the obligation of supporting his family, and that instead of adopting a literal interpretation of the statute we should so construe it as to permit a wife or minor child to reach the corpus as well as the income of a spendthrift trust.

■ However desirable as a matter of public policy it might be to subject the corpus of a spendthrift trust to the claim of a child of the beneficiary for support and maintenance, it does not appear that by the enactment of § 456.080, supra, the General Assembly has so provided. Under the familiar maxim, "Expressio unius est exclusio alterius," the conclusion is inescapable that while the *income* of a spendthrift trust is not protected against the claims of a child of the beneficiary of

a spendthrift trust, the *corpus* of the fund is so protected. To adopt the construction urged by appellant we would be required to write into the statute the words "corpus or" before the word "income." We cannot thus usurp the function of the General Assembly, or by construction rewrite its acts. City of Charleston ex rel. Brady v. McCutcheon, 360 Mo. 157, 227 S.W.2d 736.

It is, accordingly, the recommendation of the Commissioner that the judgment of the Cape Girardeau Court of Common Pleas be reversed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the Cape Girardeau Court of Common Pleas is, accordingly, reversed.

RUDDY, Acting P. J., BENNICK, J., and DAVID A. McMULLAN, Special Judge, concur.

On Motion for Rehearing.

HOUSER, Commissioner.

■ In his motion for a rehearing respondent urges that paragraph 2 of the will provides an outright and absolute devise and bequest of the property to Earl Brant without encumbering it with a trust "of any sort" and that the funds therefore are subject to a garnishment "not in the sense that they constitute the corpus of a trust estate, but simply as funds held by the garnishee for the use and benefit of the plaintiff under the outright bequest contained in the second paragraph of the will." This contention cannot stand. Paragraph 2 devises and bequeaths the property to Earl Brant "subject, however, to the conditions hereinafter provided in the succeeding paragraph." The succeeding paragraph 3 provides that the portion of the testatrix' estate bequeathed "by the preceding paragraph" to Earl Brant should vest in R. P. Smith "as Trustee for the said beneficiary." The trustee is given full

powers of management, sale, investment and reinvestment, collection, protection and preservation of the principal of the estate. Paragraph 3 further provides that "From the income thereof, or if necessary or advisable, the principal, he shall disburse such sums as may be necessary for the support and maintenance of said Earl Brant." There follows a provision that should Earl Brant convince the trustee that he is capable of properly managing and preserving his portion of the estate the trustee may disburse the same to him. The meaning and intent of the testatrix is clear and unambiguous. The property was given to Earl Brant but not until such time as he should become capable of managing and preserving it, and in the meantime it was to be held in trust by R. P. Smith, who was given wide and complete discretionary powers calculated to preserve and protect the principal for the benefit and to the use of Earl Brant. It was not an outright bequest or devise to Earl Brant, but was a conveyance in trust for his use. Webb v. Hayden, 166 Mo. 39, 65 S.W. 760.

Respondent further urges that because paragraph 3 of the will attempts to withdraw the income of the trust estate from the claims of creditors of the cestui que trust it violates § 456.080, supra, and is null, void and of no effect, as a result of which paragraph 3 fails. The fact that § 456.080 voids efforts to withdraw the income of a spendthrift trust from the claims of a cestui's children for support and maintenance does not mean that a spendthrift trust which permits the trustee to devote the income, and principal if necessary, to the support of the cestui is void in its entirety. Merely because a trust may be void in part and insofar as it affects the rights of creditors or children of the cestui does not necessarily make it void in toto or insofar as it affects the rights of the cestui. It is a cardinal canon of construction of testamentary trusts to adopt that construction which will effectuate a will as far as possible, upholding the valid while striking down the invalid, in order to carry out the intention of the testator, as long as the general scheme and purpose of the testator is not defeated. 69 C.J., Wills, § 1160 (2), p. 117. Therefore, although § 456.080 protects the claims of the cestui's child insofar as *income* from the trust is concerned and provisions to the contrary would be null and void, the valid provisions with respect to the principal of the trust estate are to be upheld and enforced, and the corpus of the spendthrift trust protected against the claims of all judgment creditors.

The Commissioner therefore recommends that the motion for rehearing be overruled.

RUDDY, Acting P. J., and DAVID A. McMULLAN, Special Judge, concur.