**Ida Mae TATE, Lula Fae Blaise Neese, et al., Appellants,**

**v.**

**Ellis SCHOONOVER, as Executor and Trustee of the Estate of Mabel Cook, Deceased, et al., Respondents.**

**No. 55067.**

Supreme Court of Missouri, Division No. 2.

Feb. 8, 1971.

Alfred M. Wooleyhan, Wooleyhan, Nielson & Adams, Quincy, Ill., Rendlen & Rendlen, Hannibal, for appellants.

Rolin T. Boulware, Shelbina, Guardian ad litem for Defendant minors and unknown or unborn persons.

Dan Bollow, Shelbyville, for respondent Schoonover.

DONNELLY, Presiding Judge.

On April 6, 1966, Mabel Cook, a resident of Shelby County, Missouri, executed her Last Will and Testament, which reads in part as follows:

"FIFTH: At the close of the administration my executor shall pay over all moneys to my hereinafter named trustee. Said trustee shall invest such moneys at the highest rate that may be obtainable in government bonds, or in any savings and loan association or bank or banks whose deposits are guaranteed by the United States Government or any department thereof. He shall have authority to withdraw the same for the purpose of reinvestment if he deems it advantageous to do so. The interest received annually shall likewise be put at interest and the entire fund allowed to accumulate for a period of ten (10) years."

"SIXTH: At the end of said ten (10) years said trustee shall divide the moneys equally between my foster daughter Lula Fae Blaise of Shelbyville, Missouri and my foster daughter Ida Mae Tate of Quincy, Illinois. If either shall then be deceased the share so given to her shall pass to her children, per stirpes; and if either be predeceased without leaving children her share shall pass to the other or to the issue of the other per stirpes."

Mabel Cook died on October 18, 1967. She was survived by Lula Fae Blaise and Ida Mae Tate, both forty-seven years of age. They, and others, petitioned the Circuit Court of Shelby County to declare the trust set forth above a "dry" or "passive" trust, to terminate the trust, and to order the trustee to transfer the assets of the trust estate (an amount exceeding $20,-000) to them. The trial court dismissed their petition with prejudice. They appeal.

In Trautz v. Lemp, 329 Mo. 580, 603, 46 S.W.2d 135, 142, this Court said:

"A dry trust is one which requires the performance of no duties by the trustees to carry out the trust, but by force of which the mere legal title rests in the trustees. It is settled law that, where property is bequeathed to one in trust for the use and benefit of another, with no active duties for the trustee to perform, a dry trust is created, no interest passes to the trustee, and by operation of the statute of uses [V.A.M.S. § 456.020] the trust is executed on the effective date of the instrument creating it."

In Farkas v. Calamia, Mo., 373 S.W.2d 1, 3, 4, this Court said:

"We need not in this case enter into a detailed discussion of the effect of the Statute of Uses. Section 456.020 RSMo 1959, V.A.M.S. See generally 54 Am.Jur. Trusts §§ 9–14; 90 C.J.S. Trusts § 176; 1A Bogert, Trusts and Trustees §§ 206–208; and the introduction to the annotation at 165 A.L.R. 550. It may be said that by reason of the application of the above statute as to real estate, and by reason of the application of general principles of equity as to personalty, Vol. 1A Bogert, Trusts and Trustees, § 207, p. 293; Fisher v. Fisher, 203 Mo.App. 45, 217 S.W. 845, if there are no substantial duties to be performed by the trustee to carry out the purpose of the settlor the trust is declared to be passive or dry, and the legal and equitable title is merged in the beneficiary. 'For a trust to be active it is essential that the interposition of the trustee be necessary to carry out the valid purposes of the trust, the test being that, with respect to the control, protection, management, or disposition of the trust property, the trustee has imposed on him, expressly or by

implication, some active and substantial duty to perform, or useful purpose to subserve, or has by virtue of his trust obligation some discretion to exercise, such as the investment or reinvestment and care of property; * * * or the receipt and payment over of the rents, income, profit, or proceeds of the trust property to, or for another with, remainder over; or the preservation of estates for those in remainder; or the protection of the estate for a given time or until the occurrence of a certain event; or the conveyance of the trust property to the beneficiary or beneficiaries after a life estate or the happening of some specified event; * * *.' 90 C.J.S. Trusts § 177; 54 Am.Jur. Trusts § 13."

We are of the opinion that under the terms of Mabel Cook's Last Will and Testament, itself, she expressly and plainly imposed on the trustee the "active and substantial duty" to exercise his judgment and discretion in the investment and management of the trust estate. In these circumstances, the trial court did not err in holding the trust is an *active* trust. Webb v. Hayden, 166 Mo. 39, 65 S.W. 760.

Appellants state that they have agreed, as lawful beneficiaries of the trust, that it should be terminated; and that, because of their present age, deteriorating physical condition, and financial situation, they need the benefits of the trust. They urge that for these reasons the trust should be terminated. This would, of course, thwart Mabel Cook's wish and intention plainly expressed in her Last Will and Testament. In our opinion, the circumstances of this case "do not justify that result." Thomson v. Union National Bank in Kansas City, Mo., 291 S.W.2d 178, 183 [4–6]; Evans v. Rankin, 329 Mo. 411, 44 S.W.2d 644 [11].

The judgment is affirmed.

All of the Judges concur.