STATE OF MISSOURI at the relation of FRANK K. ASHBY, Prosecuting Attorney of Mississippi County to the use of the CAPITAL SCHOOL FUND of Mississippi County, v. CAIRO BRIDGE & TERMINAL COMPANY, a Corporation, Appellant.

STATE OF MISSOURI at the relation of FRANK K. ASHBY, Prosecuting Attorney of Mississippi County to the use of the CAPITAL SCHOOL FUND of Mississippi County, Plaintiff in Error, v. CAIRO BRIDGE & TERMINAL COMPANY, a Corporation, Defendant in Error.—100 S. W. (2d) 441.

Division Two, December 23, 1936.

*Joslyn & Boone* and *David S. Lansden* for appellant.

192

*Ashby & Banta* for respondent.

*James Haw* and *Ashby .& Banta* for plaintiff in error.

*Joslyn & Boone* and *David S. Lansden* for defendant in error.

WESTHUES, C.—■ Cause No. 33,930 of our docket is pending on writ of error and cause No. 33,665 is pending on appeal.. In the writ of error proceedings the plaintiff in error is the respondent, and the defendant in error is the appellant in the appeal proceedings. Said writ of error and said appeal are prosecuted from the same judgment below. The cause constituted but one action below, and although the review proceedings, by the respective litigants, have been

lodged here through different available methods, the cause retains its unity and should be so treated for the purpose of review. [Walsh v. Southwestern Bell Tel. Co., 331 Mo. 118, 122 (2), 52 S. W. (2d) 839, 840 (3, 4).] Plaintiff in error, in the writ of error proceedings contending Section 10034, Revised Statutes 1929 (Mo. Stat. Ann., p. 8044), is applicable, seeks to have the general judgment, entered in the trial court in its favor, declared a prior lien on the property of defendant in error. Our outright reversal of the judgment, obtained by plaintiff in error in the trial court, obviates any necessity for a discussion of the contentions presented in the writ of error proceedings.

This suit was filed by the prosecuting attorney of Mississippi County, Missouri, seeking to collect from appellant bridge company a penalty of one hundred dollars per day for each day the company failed to file a statement of its property with the State Tax Commission. Section 10070, Revised Statutes 1929 (Mo. Stat. Ann., p. 8059), is the section relied upon for the imposition of the penalty. The petition contained four hundred and ten counts. The trial court entered a judgment in plaintiff's favor, against defendant bridge company, in the sum of forty-one thousand dollars, from which judgment the bridge company appealed.

The first count of plaintiff's petition states its alleged cause of action as follows:

"The State of Missouri, the plaintiff herein, by Frank K. Ashby, the duly elected, qualified and acting Prosecuting Attorney of Mississippi County, a municipal corporation and subdivision of said State of Missouri, first having obtained leave of Court, files this its amended petition and for cause of action states that it is and at all times hereinafter mentioned was a corporation sovereign; that the defendant herein is and at all the times hereinafter mentioned was a corporation organized and existing under and by virtue of the laws of Delaware; that defendant is and was at all times herein mentioned the owner of and did operate, control and manage a toll bridge over and across the Mississippi River; that said bridge extended from a point in Mississippi County in the State of Missouri to a point in Alexander County in the State of Illinois; that the bridge aforesaid was in process of construction during a period beginning on or about the ——— day of ———, 19——, and ending on or about the 28th day of September, 1929; that the said bridge was formally opened for traffic on the 28th day of September, 1929, and from that date to the present time was in use and operation by the defendant as a toll bridge; that for purposes of taxation, it was the duty of the president or other chief officer of defendant corporation, on or before the first day of January, 1930, to submit and render to the State Tax Commission of the State of Missouri, a statement duly subscribed and sworn to by said president or other chief officer, before some

officer authorized to administer oaths, setting out in detail the length of said bridge in this State, the structural details of said bridge, a description of the property of said bridge, and the actual cash value thereof as of June 1, 1929; that the president or other chief officer of defendant did, not, on or before January 1, 1930, render said statement to the State Tax Commission on blanks prescribed by the Commission; that by virtue of said failure and refusal to submit said statement, defendant is subject to forfeit and pay to the State of Missouri the sum of one hundred dollars for each day it failed and refused to file said statement; and that said penalty and forfeiture accrued for the date of January 1, 1930, for which sum of $100.00 plaintiff prays judgment and for its costs herein expended.''

The answer of the defendant pleaded, among other matters, that there is no law imposing upon the defendant a penalty of one hundred dollars per day, or any other penalty, for failure to file with the State Tax Commission a statement of defendant's property. The answer also duly challenged the constitutionality of Section 10070 in that it violated the provisions of Section 1, of the Fourteenth Amendment of the United States Constitution, providing, that no State shall make or enforce any law denying to any person within its jurisdiction the equal protection of the law; also, the constitutionality of Section 10070 because it is a special law in violation of Article IV, Section 53, subdivision 32 of the Missouri Constitution. The answer alleged specifically that Section 10070 was unconstitutional, because by Section 10066 a number of corporations and persons were required to file statements of property with the State Auditor, while Section 10070 attempted to impose a penalty on only a part of those mentioned in Section 10066 for failure to file such statements.

The procedure provided by our statutes for the assessment and taxation of railroad property was made applicable to the taxation and assessment of bridges over streams dividing this State from any other State. [See Sec. 10066, R. S. 1929, Mo. Stat. Ann., p. 8057.] The filing of statements, the bone of contention in this case, and the time when such statements are to be filed, are prescribed by Section 10012, Revised Statutes 1929 (Mo. Stat. Ann., p. 8031). Section 10066 reads in part as follows:

''. . . and the president or other chief officer of any such bridge, telegraph, telephone, electric power and light companies, electric transmission lines, oil pipe lines, or express company, or the owner of any such toll bridge, is hereby required to render statements of the property of such bridge, telegraph, telephone, electric power and light companies, electric transmission lines, oil pipe lines, or express companies in like manner as the president, or other chief officer of the railroad company is now or may hereafter be required to render for the taxation of railroad property. [R. S. 1919, sec. 13056. Amended, Laws 1923, p. 372.]''

196

By amendment, Laws 1933, page 422, gas pipe lines and gasoline pipe lines were included within the provisions of this section. Section 10070, the penalty section, provides that:

''If the president or other chief officer of any bridge, telegraph, telephone or express company, or the owner of any toll bridge within the intent and meaning of Section 10066, shall fail to render to the state auditor, on or before the first day of January in any year, a statement of the property of such bridge, telegraph, telephone or express company, as the case may be, as required by said Section 10066, then such express company or telegraph company or telephone company or the owner of such toll bridge so failing for each and every day of failure to render such statement after such first day of January, shall forfeit and pay to the state of Missouri the sum of one hundred dollars for the county public school fund in each and every county in which such bridge, express or telegraph or telephone company shall have used its franchises at any time within one year prior to such first day of January, or in which such toll bridge, or any portion thereof, was situated on such first day of January; which penalties shall be sued for by the prosecuting attorneys of the proper counties in the name of the state of Missouri, at the relation of such prosecuting attorneys, to the use of the proper county public school funds, in any court having jurisdiction. [R. S. 1919, sec. 13060.]''

■ In the year 1917, the State Legislature created a State Tax Commission. [See Laws 1917, p. 542, etc.] Section 19, subsection 5, of Laws of 1917, page 547, now subsection 5 of Section 9853, Revised Statutes 1929 (Mo. Stat. Ann., p. 7930), provides in part as follows:

''. . . All statements of property or other reports, relating to assessment and equalization, required by law to be made to any state officer, shall hereafter be made to the state tax commission on blanks prescribed by the commission. [R. S. 1919, sec. 12846.]''

The Legislature, by the law creating a State Tax Commission, imposed upon it certain duties with reference to the assessment of property for taxation purposes. By that act the whole scheme of making such assessment of public utility property embraced within the act was revised and materially altered. Subsection 5 or Section 9853, supra, expressly provided that the statements of property theretofore filed with the State Auditor, as provided in Sections 10066 and 10012, were to be filed with the State Tax Commission. Appellant was, therefore, no longer required to file such statements with the State Auditor. We have examined the law creating the Tax Commission and do not find any reference direct or indirect to Section 10070, the penalty section. Statutes such as this, imposing a penalty, should be strictly construed. Respondent argues that the provisions of this section, imposing a penalty for failure to file a statement with the State Auditor, should be applied to the failure to file such statement

with the State Tax Commission. We find nothing in the act creating the State Tax Commission that would justify such an interpretation. The law is a complete and coherent system without the provisions of Section 10070. That the provisions of this section are unnecessary in the administration of the law is evident from the fact that Section 10066 requires the owners of ten various classes of utilities to file statements, while Section 10070 imposes a penalty for failure on only four. It is just as logical to say that Section 10070 was repealed by the new set-up, as to say it must be read into the new law by implication. A strict construction of a penal statute will not permit this. [Tucker v. St. Louis-S. F. Ry. Co., 250 S. W. 390, 298 Mo. 51; 59 C. J. 1113, sec. 660.] The substitute act covered the whole subject matter and made no reference to the penal section, but expressly repealed all prior acts inconsistent with the new law. In the substituted act, creating the Tax Commission, the Legislature embodied, by reference, certain existing laws within the new act, but failed to mention the penalty section. By Sections 9850, 9851 and 9852, Revised Statutes 1929 (Mo. Stat. Ann., pp. 7928, 7929, the Tax Commission was authorized to appoint agents with power to make exhaustive investigations to aid the commission in arriving at the proper assessment of the public utilities' properties. The Legislature thereby made ample provision for the Tax Commission to ascertain the valuation of all utility property over which they had jurisdiction to make assessments. In 59 Corpus Juris, 919, section 520, we read:

"Where a later act covers the whole subject of earlier acts, embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the Legislature, and to prescribe the only rules in respect thereto, it operates as a repeal of all former statutes relating to such subject matter. The rule applies not only where the former acts are inconsistent or in conflict with the new act, but also even where the former acts are not necessarily repugnant in express terms, or in all respects, to the new act."

Numerous cases from various states, including Missouri, are cited in support of the text. Applying the rule of construction with reference to penal statutes, in the light of the legislative enactments pertaining to this subject matter, we cannot, as a court, read the words *State Tax Commission* into Section 10070 in lieu of the words *State Auditor*. We therefore hold that Section 10070 does not impose a penalty upon the defendant for failure to file a statement of its property with the State Tax Commission.

The constitutionality of Section 10070 has also been challenged. The Legislature, by Section 10066, placed all utility owners named therein in one class. They are so treated in the law creating the Tax Commission. It will thus be seen that Section 10070 attempts to impose a penalty on only four of the number mentioned in Section 10066

for failure to file statements with the State Auditor. The mere statement of the facts immediately suggests the unconstitutionality of the act, because it denies to the persons and corporations mentioned in Section 10066 the equal protection of the laws. [Atchison, Topeka & Santa Fe Ry. Co. v. Vosburg, 238 U. S. 56; State ex rel. v. Chicago, B. & Q. Ry. Co., 246 Mo. 512, l. c. 514, 515, 152 S. W. 28, and cases there cited.] We are of the opinion that this section also violates Article IV, Section 53, subsection 32 of the Missouri Constitution, which prohibits a special law where a general law could be made applicable. [See City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. (2d) 1, l. c. 6, 10.] It follows that the judgment of the circuit court in plaintiff's favor must be reversed. It is so ordered. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.