STATE OF MISSOURI, Appellant, v. RALPH TAYLOR and ELLA FREDERICK.—No. 38190.—173 S. W. (2d) 902.

Division Two, June 19, 1943.

Rehearing Denied, July 6, 1943.

Motion to Transfer to Banc Overruled, September 7, 1943.

*Roy McKittrick,* Attorney General, and *Harry H. Kay,* Assistant Attorney General, for appellant.

*Hulen & Sappington* for respondents.

ELLISON, J.—The State appeals from an order and judgment of the Boone county circuit court sustaining the defendants'-respondents' motion to quash the three counts of an information each of which severally and identically charged them with employing, permitting and suffering a named but different female employee to work at physical labor in a dress manufacturing establishment in Boone county known as the Ar-Cel Garment Company for a period in excess of nine hours, in violation of Sec. 10171, R. S. 1939, Mo. R. S. A. Sec. 10171; and further ordering that the respondents be discharged.

Respondents' motion to quash challenged the constitutionality of the statute on the grounds: that it deprived them of liberty and property without due process of law, and denied them the equal protection of the law, in violation of Sec. 30, Art. II, Constitution of Missouri, and Sec. 1 of the Fourteenth Amendment of the Constitution of the United States; and that the statute is a local and special law regulating labor and manufacturing, violative of Sec. 53, subsection 24, Article IV of the Missouri Constitution. Briefs have been filed by the parties, and by the Missouri State Federation of Labor and the Congress of Industrial Organizations in the Kansas City, Missouri region as amici curiae. The statute is as follows:

"No female shall be employed, permitted, or suffered to work, manual or physical, in any manufacturing, mechanical, or mercantile establishment, or factory, workshop, laundry, bakery, restaurant, or any place of amusement, or to do any stenographic or clerical work of any character in any of the divers kinds of establishments and places of industry, hereinabove described, or by any person, firm or corporation engaged in any express or transportation or public utility business, or by any common carrier, or by any public institution, incorporated or unincorporated, in this state, more than nine hours during any one day, or more than fifty-four hours during any one week: *Provided,* that operators of canning or packing plants in rural communities, or in cities of less than ten thousand inhabitants wherein perishable farm products are canned, or packed, shall be exempt from the provisions of this section for a number of days not to exceed ninety in any one year: *Provided further,* that nothing in this section shall be construed and understood to apply to telephone companies; *and be it further provided,* that the provisions of this section shall not apply to towns or cities having a population of 3,000 inhabitants or less."

First, reviewing briefly the history of the statute. As originally enacted by Laws Mo. 1909, p. 616, and incorporated in the Revision of 1909 as Sec. 7815, it applied only to manufacturing and mercantile establishments, laundries and restaurants in cities of more than 5000 inhabitants. This statute was repealed by Laws Mo. 1911, p. 311, and a new section enacted in lieu thereof which added two vocations and

dropped one. It was made applicable throughout the state [904] without any exception. That statute was repealed and a new section passed in substantially its present form by Laws Mo. 1913, p. 400. That is, the coverage of the section was the same as now respecting the vocations named; and it contained the first proviso of the present Sec. 10171 partially exempting canning and packing plants in rural communities and cities of less than 10,000 inhabitants. It also contained the present second proviso, which then excluded both telegraph and telephone companies. Other than this the 1913 statute applied to all the vocations named regardless of where located in the state. The 1913 statute became the same as the present Sec. 10171, by amendment in Laws Mo. 1919, p. 447. This amendment cured a typographical error in the previous Act; omitted telegraph companies from the second proviso; and added the third proviso, which entirely excluded its application to cities of 3000 or less population.

The only issues tendered by respondents' motion to quash the information were those challenging the constitutionality of Sec. 10171, supra, as stated in the first paragraph of this opinion, under Sec. 30, Art. II and Sec. 53, subsection 24, Art. IV of the State Constitution, and the Fourteenth Amendment. These are the only issues discussed in the original briefs on both sides. Respondents did not and do not dispute that the General Assembly has power to regulate the hours and conditions of employment of women; and to make any reasonable classification of the employments to which those regulations shall apply (questions to which considerable space is devoted in the State's original brief and those of the amici curiae.) The real and only contention made by respondents is that the statute is discriminatory because it does not treat *all* women and therefore all employers of women in the designated vocations as a single class, but by the third and last provision leaves such employers in towns and cities of or under 3000 population free to require women to work more than nine hours per day and 54 hours per week. . In other words, respondents' whole case is founded solely on said third proviso, which, it is contended, makes the statute a local and special law regulating labor and therefore discriminatory and deprivative of due process and their property rights.

Nevertheless, in their original brief respondents further refer to the facts that the title of the 1919 Act merely declared its purpose to amend Sec. 7815 in the 1913 Act (italics ours) *"by striking out certain words therein;"* and that the recital in the first or enacting clause of the 1919 Act also was limited to a statement that the word "or" was being substituted for the word "of" in the eighth line. Neither the title nor the enacting clause disclosed the third proviso was being added. From this respondents argue that proviso was "slipped in." But that is the only point they make on the title. They do not contend the 1919 amending Act was void in whole or in part because it contained a subject not clearly expressed in its title, in

violation of Sec. 28, Art. IV of the State Constitution.[1] The State, however, in its reply brief does introduce that constitutional question, but only by way of suggestion or argument. The brief asserts it "would seem the third proviso is clearly unconstitutional" for that reason, and then proceeds to withdraw the question by saying "we do not think it necessary to discuss nor for the court to decide this point," because: (1) respondents failed to raise it; (2) and *if* the third proviso is unconstitutional for the reason respondents do assign, or any other, then the statute stands unaffected as it existed before the attempted addition of the third proviso by the 1919 Act, citing authorities.[2]

So on this appeal we are left in this position. Both parties have suggested here facts which might have been utilized in attacking the constitutionality of the *enactment* of the 1919 Act. But neither party made that attack below, nor do they make it here. The State passes it by, merely arguing in its reply brief that even though the 1919 amendment *procedurally* was validly enacted, still *if* it made the present Sec. [905] 10171 discriminatory and therefore *substantively* unconstitutional, as respondents contend, they are "hoist with (their) own petard," and must lose because they won on that very contention. In other words the State advances the legal proposition that if the statute was or would have been made discriminatory by the addition of the third proviso in 1919, then that amendment alone is void, leaving the statute as it stood immediately theretofore, applying throughout the whole state without any discrimination so far as manufacturing establishments are concerned.

We cannot consider that contention because it was not made in the trial court, nor was it made here except as an afterthought. The only points urged in respondents' motion to quash the information, which the lower court sustained, were that the *whole* Sec. 10171 was unconstitutional because discriminatory, local and violative of due process and property rights. The only assignments in the State's motion for new trial were that the court erred in so holding with respect to the whole section. And the State still contends the whole section is constitutional. There is not a hint anywhere in the record that the issue now under discussion was presented to the trial court; or that any contention was made conceding the third proviso alone was void, and basing the prosecution on the statute shorn of that

[1] Neither party makes the further objection to the 1919 Act that it violated Sec. 34, Art. IV of the Constitution because it failed to set forth "the words to be inserted" (as applied to the insertion of the third proviso) together with the section as amended.

[2] 59 C. J., sec. 479, p. 479; 25 R. C. L., sec. 157, p. 906 (note 15); 66 A. L. R. note, p. 1483; State ex rel. Waterworth v. Clark, 275 Mo. 95, 101, 204 S. W. 1090, 1091(1); Smith v. Dirckx, 283 Mo. 188, 198, 223 S. W. 104, 106(3), 11 A. L. R. 510; State ex rel. Daily Record Co. v. Hartmann, 299 Mo. 410, 422, 253 S. W. 991, 993(1); Williams Lbr. & Mfg. Co. v. Ginsburg, 347 Mo. 119, 123, 146 S. W. (2d) 604, 605(8).

amendment. We cannot convict the trial court of error and throw the costs on respondents in those circumstances.

Taking the case as it was *presented* below, we think the trial court was right in holding Sec. 10171 as it now appears in the 1939 Revision is discriminatory and constitutionally void under both Sec. 30, Art. II and Sec. 53, subsec. 24, Art. IV. Ignoring the first proviso, dealing with canning and packing plants, and the second proviso, dealing with telephone companies—because respondents are not in either of those businesses, and therefore such questions are moot as to them—here is the situation. The statute, as affecting the manufacturing business (in which respondents were engaged) is not limited to cities and towns. The briefs of the State and the amici curiae assume the contrary. Much of their argument in defense of the Legislature's right to make the classification it did, is based on the fact that the physical and social conditions encountered by labor in large population centers are different from those prevailing in small towns of 3000 population, or less; that in the former the distance from the place of work, means of transportation, oppressiveness of employers and other working conditions, are more time consuming, onerous and detrimental to health; and that in smaller communities and rural districts public sentiment is more sympathetic to the rights of labor, and living and working conditions are better.

But these briefs err in assuming the statute seeks to relieve against those asserted disparate conditions. The main part of the statute applies to *all* manufacturing establishments *anywhere* in the state, whether it be in the city or in the country. It covers all cities from those of the largest population on down to towns of 3000 population. Then it excepts towns of that population or less. Then it applies again to rural establishments where there is no resident population at all and where the hard conditions mentioned above do not prevail according to the briefs taking the State's view. This construction is inescapable because the language is all inclusive, and the first proviso specifically grants a *partial* exemption to canneries and packing plants *in rural* communities, limiting it to a 90 days period each year. Now with all this in view there certainly can be no logical reason for granting a total exemption to a small segment of our society embraced within cities and towns of 3000 population or less, and making the statute universally applicable both above and below it. Some of the arguments in the briefs supporting the statute really tend to undermine it even as it now stands, and as it would be without the third proviso, because they extol working conditions in rural communities implying they do not need regulation.

The quandary with us has been whether the case should be reversed and remanded, or affirmed as we are doing. Sec. 1228, R. S. 1939, Mo. R. S. A., Sec. 1228, provides in substance that no appellate court shall reverse the judgment of a lower court unless it finds error was committed by that court against the appellant materially affecting

the merits. But this necessarily means error in the case as *presented* to the trial court at least in basic theories. If the State had challenged below the constitutional validity of the *enactment* of the 1919 amendment, and the trial court had ruled adversely on the challenge, a very serious question would have been presented. Or if the State had contended [906] there, as it suggests here, that the third proviso added by the 1919 amendment was substantively unconstitutional, in consequence of which only that amending proviso was void leaving the statute as it stood before, another serious question would have been presented. The authorities cited by the State and listed in marginal note 2, supra, sustain that view; and the statute shorn of the proviso would apply anywhere throughout the State, except as regards the exemptions in the first and second provisos, which are immaterial here. Respondents' brief does not contend such an enactment would be unconstitutional. On the contrary they assert the conditions of employment in manufacturing establishments everywhere—whether in cities, towns or rural districts—are the same. But, as we say, neither of the above theories was presented in the trial court. For these reasons the judgment is affirmed. All concur.