HEUER et al. v. ULMER (two cases).

Nos. 7258, 7259.

Springfield Court of Appeals.

Missouri.

Feb. 24, 1954.

Not to be reported in State Report.

J. Grant Frye, Cape Girardeau, for plaintiffs.

Barton & Arnold, Benton, for defendant.

STONE, Judge.

In this action, Herbert H. and Ervin Heuer, hereinafter referred to as plaintiffs, sought to recover from J. E. Ulmer, hereinafter referred to as defendant, upon plaintiffs' petition in two counts. The recovery sought by plaintiffs in Count I was for $3,093 (including interest to the time of the filing of plaintiffs' petition and an attorney's fee) upon a promissory note alleged to have been given by defendant in part-payment of the purchase price of a Massey-Harris combine. In Count II, plaintiffs sought judgment for $271.36 on an account for farm implement parts and service. In his counterclaim in one count, defendant sought judgment against plaintiffs for $500 for "repairs in trying to make the combine perform", for $10,000 for damages claimed to have been sustained because, "due to such unfit and defective condition of the combine * * *, defendant was unable to perform contracts for combining and to do combining generally", and for $2,286, that portion of the purchase price of the combine paid to plaintiffs, or for the aggregate sum of $12,786.

Upon trial, the jury found for defendant on both counts of plaintiffs' petition and for plaintiffs on defendant's counterclaim. The motions for new trial thereafter filed by plaintiffs and defendant having been overruled, plaintiffs and defendant filed separate notices of appeal to this court. The transcript on appeal has been timely filed in this court; but, by motion in which both plaintiffs and defendant join, we are now asked to transfer to the Supreme Court plaintiffs' appeal and defendant's cross-appeal, docketed in this court as Cases Nos. 7258 and 7259, respectively.

■ Although plaintiffs and defendant have taken separate appeals, which have been docketed separately in this court, both appeals are from the same final judgment, and there is but one case on appeal. Punch v. Hipolite Co., 340 Mo. 53, 61, 100 S.W.2d 878, 880; State ex rel. Ashby, etc., v. Cairo Bridge & Terminal Co., 340 Mo. 190, 193, 100 S.W.2d 441; Stith v. J. J. Newberry Co., 336 Mo. 467, 476, 79 S.W.2d 447, 450; Walsh v. Southwestern Bell Telephone Co., 331 Mo. 118, 122, 52 S.W.2d 839, 840; In re Mills' Estate, 349 Mo. 611, 615, 162 S.W.2d 807, 810; Killian v. Brith Sholom Congregation, Mo.App., 154 S.W. 2d 387, 392; Bunner v. Patti, Mo.App., 107 S.W.2d 143. If the amount in dispute upon either appeal is such as to vest exclusive appellate jurisdiction in the Supreme Court, the entire case must be heard there. Walsh v. Southwestern Bell Telephone Co., supra; Brown v. Reorganization Inv. Co., 350 Mo. 407, 413, 166 S.W.2d 476, 478.

■ Since defendant's appeal from the adverse judgment upon defendant's counterclaim seeking damages in the aggregate sum of $12,786 involves an amount in excess of our jurisdiction Section 477.040 RSMo 1949, V.A.M.S., and an amount as to which the Supreme Court has exclusive appellate jurisdiction Mo.Const., Art. 5, § 3, 2 V.A.M.S., the joint motion to transfer should be and is sustained, and the Clerk of this court is directed forthwith, Section 477.080 RSMo 1949, V.A.M.S., to transfer this cause (i.e., plaintiffs' appeal and defendant's cross-appeal docketed here as Cases Nos. 7258 and 7259, respectively), together with a copy of this order, to the Clerk of the Supreme Court.

McDOWELL, P. J., and BLAIR, J., concur.