**STATE of Missouri, Plaintiff–Respondent,**

v.

**C. Ivan DAVIS and Willodean Davis, d/b/a Davis Water Company, Defendants–Appellants.**

**No. 17672.**

Missouri Court of Appeals, Southern District, Division One.

May 4, 1992.

Jeffrey A. Keevil, Jefferson City, for plaintiff-respondent.

Mary L. Dilks, L. Joe Scott and Daniel T. Moore, Poplar Bluff, for defendants-appellants.

PREWITT, Presiding Judge.

This action was filed under § 386.600, RSMo 1986, seeking penalties for violations of law or for refusing to follow orders of the Public Service Commission. See §§ 386.570, 386.600, RSMo 1986. Relevant portions of those sections are set forth marginally.[1]

Before trial summary judgment was entered against defendants "relating to the liability of the Defendants". Trial was set on "the issue of the amount of statutory penalties alone."[2] Following nonjury trial, judgment was entered assessing penalties totaling $94,500 against defendants. De-

fendants appeal, presenting four points relied on.

Defendants own and operate a water company. The Public Service Commission entered an order on August 17, 1988, finding certain violations by defendants in the operation of the company. Court review of that order was not sought. See § 386.510, RSMo 1986. On July 3, 1989, the petition was filed in this matter incorporating the order as a part of the petition.

In an action to recover statutory penalties the statute is to be strictly and literally construed. *City of Charleston v. McCutcheon*, 360 Mo. 157, 227 S.W.2d 736, 738 (banc 1950). "Penal provisions of a statute, or of a statute penal in nature are always strictly construed, and can be given no broader application than is warranted by its plain and unambiguous terms." *Id.*

Defendants state in their first point that the trial court lacked subject matter jurisdiction because the action was filed more than "two years after the commission of the offense". Defendants contend that the violations were barred by § 516.390, RSMo 1986. It states:

1. **386.570. Violation of orders—penalty—act of employee declared act of public utility.—1.** Any corporation, person or public utility which violates or fails to comply with any provision of the constitution of this state or of this or any other law, or which fails, omits or neglects to obey, observe or comply with any order, decision, decree, rule, direction, demand or requirement, or any part or provision thereof, of the [public service] commission in a case in which a penalty has not herein been provided for such corporation, person or public utility, is subject to a penalty of not less than one hundred dollars nor more than two thousand dollars for each offense.

2. Every violation of the provisions of this or any other law or of any order, decision, decree, rule, direction, demand or requirement of the commission, or any part or portion thereof, by any corporation or person or public utility is a separate and distinct offense, and in case of a continuing violation each day's continuance thereof shall be and be deemed to be a separate and distinct offense.

**386.600. Actions to recover penalties or forfeitures.—**An action to recover a penalty or a forfeiture under this chapter or to enforce the powers of the commission under this or any other law may be brought in any circuit court in this state in the name of the state of Missouri

and shall be commenced and prosecuted to final judgment by the general counsel to the commission. No filing or docket fee shall be required of the general counsel. In any such action all penalties and forfeitures incurred up to the time of commencing the same may be sued for and recovered therein, and the commencement of an action to recover a penalty or forfeiture shall not be, or be held to be, a waiver of the right to recover any other penalty or forfeiture; if the defendant in such action shall prove that during any portion of the time for which it is sought to recover penalties or forfeitures for a violation of an order or decision of the commission the defendant was actually and in good faith prosecuting a suit to review such order or decision in the manner as provided in this chapter, the court shall remit the penalties or forfeitures incurred during the pendency of such proceeding. All moneys recovered as a penalty or forfeiture shall be paid to the public school fund of the state. Any such action may be compromised or discontinued on application of the commission upon such terms as the court shall approve and order.

2. Summary judgment was entered by then Circuit Judge Rex A. Henson. Thereafter he was disqualified and Judge John A. Clark assigned to hear the matter.

**When penalty goes to the state, within two years.**—If the penalty is given in whole or in part to the state, or to any county or city, or to the treasury thereof, a suit therefor may be commenced, by or in behalf of the state, county or city, at any time within two years after the commission of the offense, and not after.

■ This statute is within the chapter entitled "Statutes of Limitation". It is a statute of limitation and as such it must be pleaded under Rule 55.08. As it was not, that defense is waived. *McNulty v. Heitman*, 600 S.W.2d 168, 173 (Mo.App.1980). The statute of limitation did not prevent subject matter jurisdiction. A statute of limitation does not extinguish a cause of action but bars its remedy. *Walls v. Walls*, 673 S.W.2d 450, 451 (Mo.App.1984).

■ "Subject matter jurisdiction" is authority to determine the general question involved; if a petition states a case belonging to a general class over which the court's authority extends, the court has "subject matter jurisdiction". *In re Marriage of Neal*, 699 S.W.2d 92, 94 (Mo.App. 1985).

■ Assuming that § 516.390 is applicable and would bar one or more of the penalties, the failure to raise it waives that statute's applicability. As provided in § 386.600, the trial court had subject matter jurisdiction of an action to recover the penalties. Point one is denied.

■ Defendants state in their second point that the plaintiff's petition does not state a claim upon which relief can be granted, because it states facts which "only amount to anticipated future violations of the law and not a former violation on which penalties may be assessed." In reviewing to determine if the petition states a claim for which relief can be granted, this court assumes every fact pleaded in the petition as true and takes every favorable inference in favor of plaintiff which may reasonably be drawn from the facts pleaded. *Cuba's United Ready Mix v. Bock Concrete*, 785 S.W.2d 649, 650 (Mo. App.1990).

■ Reviewing the petition by this standard requires that point two be denied. The petition cited several violations and sought damages for each of them and for each day of continued violation. The petition perhaps could have been clearer, and if there had been a motion for a more definite statement under Rule 55.27, it might have been granted. However, the petition does state that defendants failed to maintain a safe, adequate water supply, failed to install adequate storage capacity and overcharged customers. Point two is denied.

■ For their third point defendants contend the trial court erred in sustaining plaintiff's motion for summary judgment because plaintiff's pleadings and affidavits "contained only speculations, conclusions, and opinions without proper foundation on the issue of whether or not defendants failed to provide a safe and adequate water supply by failure to provide a water storage tank for the reason that proof must be specific to make a case within the provisions of the penal statute and plaintiff was proceeding under a penal statute."

■ In reviewing summary judgment this court scrutinizes the record in the light most favorable to defendants, the parties against whom the judgment was entered and accord defendants the benefit of any doubt. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 26–27 (Mo.App.1978). Summary judgment is appropriate when the documents before the trial court, including pleadings, depositions, admissions and exhibits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Triggs v. Risinger*, 772 S.W.2d 381, 382 (Mo.App.1989).

Summary judgment is appropriate for all or part of a claim or dispute. See Rule 74.04(a), (d). Plaintiffs in moving for summary judgment filed numerous documents supporting facts which were uncontroverted. They established that violations by defendants had occurred for which penalties were appropriate under § 386.570. Hence, summary judgment was appropriate here.

Defendants state in their fourth point that the trial court erred in assessing the penalties because they were excessive for the violations of billing overcharges in the amount of $201.25 and failure to follow the recommendation to install a water storage tank. Defendants say this is so because the penalties "were assessed on the basis of evidence as to matters outside the scope of the pleadings over the objection of the defendants, including such matters as leaks in the water system, sediment in the water and septic tank overflow."

The evidence referred to by defendants related to the violations alleged. The petition and order stated that defendants failed to maintain a safe, adequate water supply and failed to install adequate storage. Leaks in the system, sediment in the system, sediment in the water and septic tank overflow affecting the system all relate to those deficiencies. Defendants also contend that although the penalties might not be excessive for a large public utility, they are excessive for a small company such as the one they operate.

The trial court found 315 separate offenses and assessed a $300 penalty per offense, a total of $94,500. There were eight overcharge violations which total $2,400. For failing to maintain a safe and adequate water supply defendants were assessed $92,100, $300 per day for 307 days. This period was from the date of the Public Service Commission's order until this action was filed in the circuit court.

The penalties assessed by the trial court followed and were authorized by § 386.570, RSMo 1986. Whether the penalties as provided in that section are unreasonable as applied to defendants is beyond this court's authority to determine. Inequities in the uniformity of operation of a statute should be reformed by the legislature, not by judicial action in the guise of interpretation. *City of Charleston*, 227 S.W.2d at 738.

When a statute has no exceptions, courts should not create them. *White River Development v. Meco Systems*, 806 S.W.2d 735, 738 (Mo.App.1991). Provided that constitutional limitations are not exceeded, the amount of the penalty is within the discretion of the legislature. *McLaurin v. Frisella Moving and Storage Co.*, 355 S.W.2d 360, 364 (Mo.App.1962). In this case no constitutional question is raised. Thus, as the penalties assessed followed § 386.570, this court is powerless to change them. Point four is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.