THE STATE ex rel. CHARLES F. McCAFFREY v.
E. T. BAILEY et al., Judges of County Court of
Nodaway County, Appellants.

In Banc, May 23, 1925.

**CONSTITUTIONAL LAW:** Salaries of Prosecuting Attorneys: Act of 1921: Void for Lack of Uniformity. The Act of 1921 (Laws 1921, p. 574), attempting to fix the salary of the prosecuting attorney according to the population of the county, to be ascertained by multiplying the vote cast at the preceding general election by three, is not uniform in its operations, and is therefore void. Particularly does its second proviso, which declares that "nothing in this act shall be construed to prevent the county court of any county which now contains or may hereafter contain a population of ten thousand or more from paying its prosecuting attorney hereafter elected the same salary as was authorized by law to be paid the prosecuting attorney of such county at the time of the general election on November 2nd, 1920," destroy the rule of uniformity of operation, since it authorizes county courts to vary, at will, the salaries of prosecuting attorneys of counties falling in the same class according to population, and, in some instances, to double the salary otherwise fixed by the act.

Citations to Headnote: Statutes, 35 Cyc. p. 992.

Appeal from Nodaway Circuit Court.—*Hon. John M. Dawson*, Judge.

AFFIRMED.

*A. F. Harvey* for appellants.

(1) In mandamus proceedings the relator must show that he has a clear legal right to what he demands, otherwise his suit must fail. State ex rel. Bigham v. Williams, 250 S. W. (Mo.) 44; State ex rel. Pub. Serv. Comm. v. Mo. Pac. Ry. Co., 280 Mo. 456; State ex rel. v. Stone, 269 Mo. 334; State ex rel. v. McIntosh, 205

Mo. 589, 610.   (2)   The salary of the Prosecuting At-
torney of Nodaway County from and after June 21st
is governed by the provisions of the Act of March 31,
1921, Laws 1921, p. 574.   (3)   Section 734, Revised Stat-
utes 1919, did not govern the salary of the Prosecuting
Attorney of Nodaway County on November 2, 1920, be-
cause said act only purports to fix such salaries "on
and after the first day of January, 1921." Laws 1919,
pp. 672, 673; State ex rel. Brunjes v. Bockelman,
240 S. W. (Mo.) 209.   (4)   The very purpose of the
Act of 1921, (Laws 1921, p. 574), was to reduce the
salaries of prosecuting attorneys then in office, as well
as those thereafter holding such office, as the language
of the emergency clause clearly indicates. Such reduc-
tion was proper and lawful and all such prosecuting at-
torneys thereafter continuing in office would be sub-
ject to the provisions of the 1921 law, and entitled to
only such salary as it provided. Gregory v. Kansas
City, 244 Mo. 523; State ex inf. v. Evans, 166 Mo. 347.;
Givens v. Daviess County, 107 Mo. 603; Westberg v.
City of Kansas, 64 Mo. 493; State ex rel. v. Davis, 44
Mo. 129; Lycett v. Wolff, 45 Mo. App. 489.   (5)   The
case of State ex rel. Brunjes v. Bockelman, 240 S. W.
(Mo.) 209, is not authority on the effect of the Act of
1921, for the reason that in the Brunjes case the court
was prevented from passing on the effect of the act on
account of an, agreement set out in respondents' brief
to the effect that the amount of salary must be deter-
mined under the provisions of Sec. 734, R. S. 1919 (Laws
1919, p. 672), and could not be defeated or diminished
by virtue of the amendatory Act of 1921.   (6)   If the
Act of 1921 is to be challenged as unconstitutional, it
must be done by the application for the alternative writ
and not by reply. The application and alternative writ
are insufficient to sustain the judgment in this cause.
Jenning v. Cherry, 257 S. W. (Mo.) 441; Smissman v.
Wells, 255 S. W. (Mo.) 937; Ross-Saskatoon Lbr. Co. v.
Turner, 253 S. W. (Mo.) 123; State ex rel. Crow v. Ca-
rothers, 222 S. W. (Mo.) 1043. Laws enacted by the

Legislature are presumed to be valid, and even if defective, because in violation of some provision of the Constitution, they are not void but merely voidable upon proper complaint. State ex rel. Insurance Co. v. Blake, 241 Mo. 107.

*Willard P. Cave, amicus curiae.*

(1) The Act of 1921, is constitutional and valid. (a) It concerns only one subject, to-wit: Salaries of Prosecuting Attorneys. Laws 1921, p. 574; Sec. 28, art. 4, Constitution of Missouri; State v. McEniry, 269 Mo. 228; Booth v. Scott, 205 S. W. 633; State ex rel. v. County Court, 128 Mo. 427; Burge v. Railroad, 244 Mo. 76; Booth v. Scott, 205 S. W. 633; Nalley v. Home Ins. Co., 250 Mo. 452; State ex rel. v. Farmer, 271 Mo. 306. (b) Said act does not violate Section 8 of Article 14 of the Constitution or any other section thereof, because it decreases the salary of prosecuting attorneys: Said Section 8 provides that the compensation or fees of no state, county or municipal officer shall be increased during his term of office. Gregory v. Kansas City, 244 Mo. 550; Lycett v. Wolff, 45 Mo. App. 489. "There is no vested right in an office or position created by the legislative department of the nation or of a state or municipality thereof." Gregory v. Kansas City, 244 Mo. 550; State ex rel. v. Davis, 44 Mo. 129; Butler v. Pennsylvania, 51 U. S. 402; People v. Brown, 83 Ill. 97; Crenshaw v. United States, 134 U. S. 99. The Legislature has power to fix the salaries of prosecuting attorneys, and may change them in any manner it sees fit to adopt, unless expressly limited by the Constitution. The only limitation contained therein, is found in Section 8, Article 14, of the Constitution, which forbids any increase in compensation during the term of office of the officer whose compensation is affected. (2) The result in the case of Brunjes v. Bockelman, 240 S. W. 209, does not bind the defendants in this case, because stipulations as to the law and the proper interpretation thereof, do

not bind any one not a party to such stipulation. "There was nothing whatever said in the agreement as to the sufficiency of the petition, and even if there had been it would have availed nothing, for the reason that the sufficiency of the petition is a question of law, as to which no valid agreement could have been made." Wells v. Mutual Benefit Assn., 126 Mo. 639.; Edmonson v. Phillips, 73 Mo. 63; Berkshire v. Mo. Pac. Ry., 28 Mo. App. 225. Agreed statements are as to the facts, and never as to the law; this is self-evident. The court's duty is to decide what the law is, and it is outside the province of litigants or their attorneys to attempt to bind the court by any stipulations or agreements as to the law of the case.

*Ellis G. Cook, Cook & Cummins, E. E. Williams* and *John T. Barker* for respondent.

(1) The lower court held the Act of 1921 unconstitutional. If such finding was correct, even though based on erroneous reasons, it will be upheld. State ex rel. v. Smith, 141 Mo. 9; Bissell v. Ward, 129 Mo. 452; Heynbrock v. Hermann, 256 Mo. 37; Love v. Love, 250 Mo. 491; County v. County, 257 Mo. 392. (2) The case of Brunjes v. Bockelman, 240 S. W. 209, is controlling on all the issues in this case. Smith v. Webster County, 256 S. W. 829. (3) County officers constitute a class. The attempt to separate the prosecuting attorney from such class, and to fix his salary on a different ratio of population than other county officers, makes the Act of 1921 void. Sec. 12, art. 9, Mo. Constitution; State ex rel. v. Railroad, 246 Mo. 514; State ex rel. v. Taylor, 224 Mo. 477; State v. Julow, 129 Mo. 176; 1 Lewis's Sutherland on Stat. Con., 7199. (4) The Act of 1921 is unconstitutional because it is a local or special law. Sec. 53, art. 4, par. 32, Mo. Constitution; State ex inf. v. Hedrick, 241 S. W. 425.; State ex rel. v. Gordon, 236 Mo. 162; State ex rel. v. Hermann, 75 Mo. 340; State v. Walsh, 136 Mo. 405; State ex rel. v. Kimmel, 256 Mo.

639; State ex rel. v. Roach, 258 Mo. 563; Wheeler v. Philadelphia, 77 Pa. St. 338; Cooley's Const. Lim. (6 Ed.) 481, 482; Lige v. Railroad, 204 S. W. 510. (5) The Act of 1921 is in conflict with Section 33 of Article IV, Constitution of Missouri. French v. Woodward, 58 Mo. 66; Lewis v. Dunne, 55 L. R. A. 833. (6) The Act of 1921 is in conflict with Section 53 of Article IV, Paragraph 33, Constitution of Missouri. Henderson v. Koenig, 168 Mo. 370. (7) It is now well settled that when an act is repealed and re-enacted, the repeal does not take effect until the law as re-enacted takes effect and begins to operate. State ex rel. v. Mason, 153 Mo. 58; State v. Thomas, 138 Mo. 100; Jodd v. Railroad, 259 Mo. 241; Copeland v. St. Joseph, 126 Mo. 417; Fahey v. Hackmann, 237 S. W. 752; Brown v. Marshall, 241 Mo. 728; State ex rel. v. Court, 53 Mo. 128.

*M. J. Lilly* and *A. R. Hammett, amici curiae.*

(1) The Act of 1921, Laws 1921, p. 574, attempting to repeal Sec. 734, R. S. 1919, is invalid and unconstitutional, and does not affect plaintiff's salary, for the following reasons: (a) It conflicts with Sec. 12, art. 9, Missouri Constitution, in that it does not, by law uniform in operation, regulate the fees of all county officers, and does not, by law uniform in operation, classify the counties by population. See provisos to Act of 1921; State ex rel. v. Roach, 258 Mo. 566. (b) The second proviso is in conflict with Section 33, art. 4, Missouri Constitution. Lewis v. Dunne, 55 L. R. A. 833. Prosecuting attorneys in office at the time of the passage of the act, are not to be paid according to population but according to the amount paid to their predecessors, who held office on November 2, 1920. (c) The 1921 Act, after providing for the salaries of future prosecuting attorneys upon a population basis, the population to be left to the county court to determine which means it would employ with reference to fixing the prosecuting attorney's salary, then excepting the prosecuting attorneys in office

at the time of the enactment of the statute, leaves to the county court to use its discretion as to what salary it shall pay its future prosecuting attorneys. It leaves the entire law in clear violation of Sec. 12, Article IX, Constitution of Missouri. There can be no uniformity about such a law.

RAGLAND, J.—At the general election held November 2, 1920, relator was elected Prosecuting Attorney of Nodaway County, and thereafter served as such for the term of two years, beginning January 1, 1921. At the time of his induction into office the salaries of prosecuting attorneys were provided for and regulated by Section 734, Revised Statutes 1919. Subsequently and at the session of 1921 the Legislature passed an act which purported to expressly repeal Section 734 and enact a new section in lieu thereof. [Laws 1921, p. 574.] Under Section 734 the salary of the Prosecuting Attorney of Nodaway County was $5,000 a year; the Act of 1921, if valid, operated to reduce it to $2,000 on and after June 21, 1921. Relator contends, however, that the act was void and consequently that he was entitled during the whole of his term to the salary provided for by Section 734. The constitutionality of the repealing act is, therefore, the sole subject of this controversy.

As a matter of fact the constitutionality of the Act of 1921 has already been passed upon by this court. While it was not expressly declared to be void in State ex rel. v. Bockelman, 240 S. W. 209, such holding was a necessary implication of the ruling therein made. We certainly would not have permitted counsel to stipulate that the act was without influence in the decision of that case, if we had not agreed with them that it was a nullity. In deference to the Legislature, however, we should have set forth explicitly that we found the statute unconstitutional, together with the reasons which impelled us to that conclusion. That duty we will endeavor to discharge now.

308 Mo. Sup.—29.

The new section intended by the Act of 1921 to replace Section 734, Revised Statutes 1919, is as follows:

"The prosecuting attorney shall receive for his services per annum, to be paid out of the county treasury, in all counties now having or which may hereafter contain a population of less than ten thousand inhabitants the sum of $1,000; in all counties now having or which may hereafter have a population of ten thousand and less than twelve thousand, the sum of $1,000; in all counties now having or which may hereafter have a population of twelve thousand and less than fifteen thousand, the sum of $1,200; in all counties now having or which may hereafter have a population of fifteen thousand and less than twenty thousand, the sum of $1,500; in all counties now having or which may hereafter have a population of twenty thousand and less than twenty-five thousand, the sum of $1,800; in all counties now having or which may hereafter have a population of twenty-five thousand and less than thirty thousand, the sum of $2,000.00; in all counties now having or which may hereafter have a population of thirty thousand and less than fifty thousand, the sum of $2,500; in all counties now having or which may hereafter have a population of fifty thousand and less than seventy thousand, the sum of $4,000; in all counties now having or which may hereafter have a population of seventy thousand and less than one hundred and fifty thousand, and not containing a city of more than seventy-five thousand inhabitants, or adjoining a city having a population of more than four hundred thousand inhabitants, the sum of $4,500; in all counties now having or which may hereafter have a population of seventy thousand and less than one hundred and fifty thousand and containing a city of more than seventy-five thousand the sum of $5,000; in all counties now having or which may hereafter have a population of one hundred thousand and less than two hundred thousand and adjoining a city having a population of more than four hundred thousand the sum of $6,000; to be paid monthly upon the warrant of

the county court issued in favor of the prosecuting. attorney to the county treasurer for that purpose. The number of inhabitants of any county shall, for the pur pose of this section, be ascertained by multiplying the highest number of votes cast in said county for any one office at the last preceding presidential election by three, unless the assumed population thus determined shall be less than the actual population as shown by the last-preceding decennial census, in which event the population as shown by the last preceding decennial census of such county shall be used as a basis to determine the salary of the prosecuting attorney of said county; provided, the person now holding the office of prosecuting attorney in any county of this State shall to the end of the term for which he was chosen receive the same salary as was authorized by law to be paid to the person holding such office at the time of the general election on November 2, 1920; except, however, no prosecuting attorney shall receive a less salary than $1,000 per annum; provided, further, that nothing in this act shall be construed so as to prevent the county court of any county which now contains or which may hereafter contain a population of ten thousand or more from paying its prosecuting attorney hereafter elected the same salary as was authorized by law to be paid the prosecuting attorney of such county at the time of the general election on November 2, 1920.''

The act is challenged from a number of angles on the ground that it does not operate uniformly throughout the State. Its most obvious defect in this respect is introduced by the second proviso, namely:

''Provided further that nothing in this act shall be construed so as to prevent the county court of any county which now contains or which may hereafter contain a population of ten thousand or more from paying its prosecuting attorney hereafter elected the same salary as was authorized by law to be paid the prosecuting attorney of such county at the time of the general election on November 2, 1920.''

Under this provision the salary of the prosecuting attorney in different counties, falling within the same class according to population, will, or may, vary according to the attitudes of their respective county courts. For example, under the general schedule set forth in the preceding part of the act the annual salary of the prosecuting attorney "in all counties now having or which may hereafter have a population of 50,000 and less than 70,000" is the sum of $4,000; but the county court of any such county may, *if it elects*, pay $5,000, the salary fixed by the Act of 1913 (Laws 1913, p. 108), still in force on November 2, 1920. Again, it is a fact of which we take judicial notice that there is, and has been for several decades, a general drift of population from rural Missouri to the cities of the State. Each recurring Federal census shows a continued falling off of the population in a large number of the counties. During this process many counties will, as they have in the past, drop from one class to a lower one under the classification made for the purpose of fixing the salaries of county officers, thereby automatically diminishing the salaries of such officers. But in such cases the county courts may, *if they see fit*, continue to pay the prosecuting attorney the same salary as to amount that was payable to that officer on November 2, 1920. These illustrations are sufficient to demonstrate that under the operation of the act in question the salaries paid prosecuting attorneys in many of the counties of the State will vary as to amount, even though such counties fall within the same class as to population, this because in some of them the amount of the salary is dependent upon the uncontrolled discretion of the county court. The statute therefore fails to meet the constitutional requirement that it be "uniform *in its operation*," and is void. [Sec. 12, Art. IX, Const.] We deem it unnecessary to consider the many other alleged constitutional defects which are strenuously urged.

The judgment of the circuit court being in conformity with the views herein expressed is affirmed. All concur.