**Frances BAUMLI,**
**Plaintiff-Appellant-Respondent,**

v.

**HOWARD COUNTY, et al.,**
**Defendants-Respondents-Appellants.**

**No. 64886.**

Supreme Court of Missouri,
En Banc.

Nov. 22, 1983.

Rehearing Denied Dec. 20, 1983.

William Patrick Cronan, Gregory P. Robinson, Fayette, for plaintiff-appellant-respondent.

Gary G. Sprick, Pros. Atty., Fayette, for defendants-respondents-appellants.

Michael J. Svetlic, Kansas City, amicus curiae.

HIGGINS, Judge.

Frances Baumli, a taxpayer of Howard County, Missouri, in a declaratory judgment action against Howard County, Missouri; William J. Shiflett, its County Clerk, Gary G. Sprick, Prosecuting Attorney, Helen L. Daniels, Treasurer, Millie Haggard, Eastern District Judge, Howard Robertson, Western District Judge-Elect, and Raymond Johnmeyer, Presiding Judge-Elect; and John Ashcroft, Attorney General of Missouri, challenged the constitutionality of Senate Bills 478 and 5, Laws of Missouri, 1982, claiming that discretionary salary increases authorized therein violated article VI, section 11, of the 1945 Missouri Constitution. The trial court found that the legislation did not violate the constitution and that the pay raises granted to certain county judges, clerks, treasurers and prosecuting attorneys were valid. The court assessed costs and attorney's fees against respondent Howard County. On this appeal Mr. Baumli questions the determination of constitutionality of the legislation and Howard County questions the trial court's award of costs and attorney's fees. The determination of constitutionality and the award of attorney's fees are reversed.

The statutes in question purport to delegate to county courts of third class counties the authority to award additional compensation to certain county officers.[1] Because each county remains free to determine whether it will exercise the new authority to award additional compensation, appellant Baumli charges that the statutes are not "uniform in operation" and are therefore unconstitutional. Article VI, section 11, 1945 Missouri Constitution. Re-

---

1. Representative of these statutes is section 49.086 which provides in pertinent part:

   2. In addition to the other compensation which may be authorized, the county governing body may authorize additional compensation, to be paid from county funds, in an amount not to exceed five thousand dollars per annum in counties with an assessed valuation of thirty million dollars or more and three thousand dollars per annum in counties with an assessed valuation of less than thirty million dollars for the judges of the county court in all counties of the third and fourth class.

spondents Howard County and Howard County officers argue that the legislation is uniform in operation simply because the legislation applies uniformly to all counties of the third class.

Article VI, section 11, of the 1945 Missouri Constitution provides " * * * the compensation of all county officers shall be prescribed by law uniform in operation in each class of counties." The Missouri Constitution of 1875 contained article IX, sections 12 and 13, which serve as the source for the present article VI, section 11. Cases construing the prior provision demonstrate the construction to be placed upon the phrase "uniform in operation."

In *State ex rel. McCaffrey v. Bailey,* 308 Mo. 444, 272 S.W. 921 (1925), the Court construed the phrase "uniform in its operation" when it addressed a statute permitting county courts to set the salaries of prosecuting attorneys. The Court noted that, under the statute, "the salary of the prosecuting attorney in different counties, falling within the same class according to population, will, or may, vary according to the attitudes of their respective county courts." *Id.* 272 S.W. at 922. The Court concluded that because salaries would then be dependent upon the "uncontrolled discretion" of the county court, the statute was not uniform in its operation and was therefore unconstitutional. *Id. See also State ex rel. Summers v. Hamilton,* 312 Mo. 157, 279 S.W. 33 (1925).

The statutes questioned in this case purport to authorize the governing bodies of third class counties to grant additional compensation to county judges, county clerks, treasurers and prosecuting attorneys. For each office the statutes limit the amount of additional compensation that may be authorized; however, the governing bodies have complete discretion whether to award any additional compensation. Only after discretion is exercised to award additional compensation are the governing bodies limited by a statutorily provided maximum.

Although the limitation on the total amount of additional compensation necessarily restricts the county authority in setting salaries, the problem addressed by the Court in *State ex rel. McCaffrey v. Bailey, supra,* remains. Salaries are not dependent upon the unlimited discretion of the county authorities, but the evidence adduced at trial does indicate significant disparities in the salaries of public employees holding the same offices in counties of the same class. The salaries vary according to the attitudes of the respective governing bodies. *Id.* 272 S.W. at 922.

That the legislature has delegated the same discretionary authority to all counties of the third class does not render the statutes constitutional. The statutes may be uniform in application, but the constitution requires that they be uniform in operation. Because they are not, the statutes violate article VI, section 11.

■ Article III, section 39(3), of the 1945 Missouri Constitution indicates the strictly limited authority of the legislature in connection with the appropriation of funds for compensation. This section prevents the state from retroactively awarding retirement benefits to a former judge. *State ex rel. Cleaveland v. Bond,* 518 S.W.2d 649 (Mo.1975). It prohibits a municipality from modifying partially performed service contracts. *Kizior v. City of St. Joseph,* 329 S.W.2d 605 (Mo.1959). It forbids the delegation of the legislative authority to fix additional compensation to non-legislative branches of government. *City of Springfield v. Clouse,* 356 Mo. 1239, 206 S.W.2d 539, 545 (Mo. banc 1947). Because the legislature is so closely checked in its capacity to award extra compensation to public officers, the legislature cannot divest itself of its power by delegation in an effort to circumvent those checks. *See St. Louis F.F. Ass'n Local No. 73 v. Stemmler,* 479 S.W.2d 456, 465 (Mo. banc 1972), Seiler, J., dissenting; *State ex rel. Rothrum v. Darby,* 345 Mo. 1002, 137 S.W.2d 532, 536 (Mo.1940). Insofar as the statutes in question seek to transfer the power to grant additional compensation to the local level, the statutes conflict with the constitution. On this ground, too, they must fall.

Howard County challenges the trial court's assessment of attorney's fees against it. Mr. Baumli asserts he is entitled to attorney's fees because the suit was brought to enforce provisions of the Hancock Amendment, article X, sections 16–24, Missouri Constitution. Alternatively, he claims that as the prevailing party in a declaratory judgment action he is entitled to recover "costs." § 527.100, RSMo 1978.

The Hancock Amendment was adopted upon initiative petition in 1980 in an attempt to control and limit governmental revenue and expenditure increases. *Boone County Court v. State,* 631 S.W.2d 321, 325 (Mo. banc 1982). Article X, section 23 of the 1945 Missouri Constitution provides that a plaintiff bringing suit to enforce the Hancock Amendment shall receive from the appropriate governmental unit his costs, including reasonable attorney's fees.

 Suits to enforce the Hancock Amendment may involve legislative attempts to authorize increased compensation to public employees. *See, e.g., Boone County v. State, supra.* But not all suits involving increased compensation necessarily involve the Hancock Amendment. In this case, the constitutional questions raised stem from constitutional provisions other than the Hancock Amendment. Mr. Baumli's challenge rests not on the Hancock Amendment, but on article VI, section 11, of the constitution. The facial similarities between this case and a case arising under the Hancock Amendment may be emphasized because Senate Bills 478 and 5 may be perceived as responses to the decision of the Court in *Boone County v. State, supra.* Those similarities are not dispositive, however. The critical aspect of the legislature's actions relates to its attempted delegation of the power to fix compensation. Thus, this case involves the Hancock Amendment only peripherally, and the questions addressed herein have been raised and resolved independent of the amendment's provisions. The award of attorney's fees cannot be based upon the claimed enforcement of the amendment.

Mr. Baumli alternatively asserts that section 527.100, RSMo 1978, permits his recovery of "costs," including attorney's fees. Section 527.100 provides for such costs to be awarded as the court may find equitable and just. "Costs" have been interpreted to include attorney's fees, *Bernheimer v. First National Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745, 755 (Mo. banc 1949); but attorney's fees are not assessible as "costs" against the state in the absence of statute explicitly providing for such assessment. *Labor's Educational & Political Club v. Danforth,* 561 S.W.2d 339, 350 (Mo. banc 1977); *Automagic Vendors, Inc. v. Morris,* 386 S.W.2d 897, 900 (Mo. banc 1965). It is fundamental that a county is but a subdivision of the state, created as a matter of administrative convenience. *State v. Wilbur,* 450 S.W.2d 458, 459 (Mo. App.1970). Therefore, Mr. Baumli's attorney's fees may not be recovered from Howard County.

Because the statutes enacted by Senate Bills 478 and 5, Laws of Missouri, 1982, are unconstitutional, and because there is no applicable statutory authority for assessment of attorney's fees to plaintiff against Howard County, the judgment to the contrary is reversed.

All concur.