Dear Mr. Pelzer:
This letter is in response to your question asking:
 For the purpose of administering the Social Security Agreement under Section 105.300 to 105.440:
 1. Is compensation received pursuant to Sections 50.332 and 52.420 RSMo Supp. 1984 by county officials, i.e. county collector, "wages" for social security reporting purposes as defined in Section 105.300(12)?
 2. If this is wages, then who is responsible for the reporting? Is the county responsible to report all of it or just that portion that goes through the county treasury? Is the municipality responsible for reporting these wages, either in whole or in part? Or, is the official responsible to report these wages as self-employment income?
Section 50.332, RSMo Supp. 1984, states:
 Each county officer in all counties except first class counties having a charter form of government may, subject to the approval of the governing body of the county, contract with the governing body of any municipality located within such county, either in whole or in part, to perform the same type of duties for such municipality as such county officer is performing for the county. Any compensation paid by a municipality for services rendered pursuant to this section shall be paid directly to the county, or county officer, or both, as provided in the provisions of the contract, and any compensation allowed any county officer under any such contract may be retained by such officer in addition to all other compensation provided by law.[1]
Section 52.420.3, RSMo Supp. 1984, states:
 3. In all counties of the second class in which the county collector has entered into a contract with a constitutional charter city providing for the collection of municipal taxes by the collector, the collector shall be paid as compensation for the additional duties an annual salary of three thousand dollars, during the period in which the contract is effective, payable out of the county treasury.
Social Security coverage is extended to employment with a state or its political subdivisions only pursuant to agreement.42 U.S.C.S. Section 418 (L.Ed. 1973 and Supp. 1984). In part, Section 105.310, RSMo 1978, authorizes the State of Missouri to enter into agreements for the purpose of extending the benefits of the federal old-age and survivors' insurance system to employees of any of its political subdivisions with respect to services which constitute "employment", as defined in Section 105.300, RSMo. Section 105.350, RSMo 1978, allows political subdivisions to submit individual or joint plans for extension of the benefits of Title 2 of the Social Security Act to its employees. One of the conditions of such a plan is that it cover all services which constitute "employment", as defined in Section 105.300, RSMo, and are performed in the employ of the political subdivision or instrumentality or in the employ of a member of any joint coverage unit.
Section 105.300(4), RSMo Supp. 1984, defines the term "employment" as follows:
 When used in section 105.300 to 105.440, the following terms mean:
* * *
 (4) "Employment", any service performed by any employee of the state or any of its political subdivisions or any instrumentality of either of them, which may be covered, under applicable federal law, in the agreement between the state and the Secretary of Health, Education and Welfare, except services, which in the absence of an agreement entered into under sections 105.300 to 105.440 would constitute "employment" as defined in section 210 of the Social Security Act (42 U.S.C.A. § 410); any services performed by an employee as a member of a coverage group, in positions covered by a retirement system on the date such agreement is made applicable to such coverage group, which retirement system is supported wholly or in part by the state or any of its instrumentalities or political subdivisions, shall not be considered as "employment" within the meaning of sections 105.300 to 105.440; however, service which under the Social Security Act may be included only upon certification by the governor in accordance with section 218(d) (3) of that act shall be included in the term "employment" if and when the governor issues, with respect to such service, a certificate to the Secretary of Health, Education and Welfare pursuant to section 105.353; [Emphasis added in part.]
Section 105.300(2), RSMo Supp. 1984, defines the term "employee" as follows:
 When used in section 105.300 to 105.440, the following terms mean:
* * *
 (2) "Employee", elective or appointive officers and employees of the state, including members of the general assembly, and elective or appointive officers and employees of any political subdivision of the state, including county officers remunerated wholly by fees from sources other than county funds, or any instrumentality of either the state or such political subdivisions; and employees of a group of two or more political subdivisions of the state organized to perform common functions or services; [Emphasis added in part.]
 42 U.S.C.S. Section 410(7) (L.Ed. 1973 and Supp. 1984) defines the term "employment". We find no applicable exception covering this employment and conclude, as has the Social Security Administration, that the employment in question is "employment" for social security purposes. There is no basis to conclude that this compensation is self-employment income. See, State ofMontana v. United States, 489 F.2d 522 (9th Cir. 1973).
Sections 105.370 and 105.375, RSMo 1978, state:
 105.370. — 1. Each political subdivision or instrumentality whose plan has been approved under section 105.350 shall pay to the trustee with respect to wages at such times as the state agency may prescribe contributions in the amounts and the rates specified in the agreement entered into by the state agency.
 2. Each political subdivision or instrumentality required to make payments under sections 105.300 to 105.440 is authorized, in consideration of the employee's retention in, or entry upon, employment after the passage of sections 105.300 to 105.440, to impose upon its employees, as to services which are covered by an approved plan, a contribution with respect to wages, not exceeding the amount of the employee tax which would be imposed by the Federal Insurance contributions Act (26 U.S.C.A. § 1400) and to deduct the amount of the contributions so collected shall be paid to the trustee in partial discharge of the liability of the political subdivision or instrumentality. Failure to deduct the contribution shall not relieve the employee or employer of liability therefor.
 105.375. — Any county officer who is compensated wholly by fees derived from sources other than county or state moneys shall pay into the county treasury out of fees received by him amounts equal to the contributions required to be paid by the county under section 105.370 and shall collect from all deputies, assistants and employees in his office and turn over to the officer or agent of the county charged with the payment thereof to the state agency the amounts required to be collected and paid under section 105.370.
The term "wages" is defined in Section 105.300(12), RSMo Supp. 1984, as follows:
 When used in Sections 105.300 to 105.440, the following terms mean:
* * *
 (12) "Wages", all remuneration for employment as defined herein, including the cash value of all remuneration paid in any medium other than cash, except that the term shall not include that part of such remuneration which, even if it were for "employment" within the meaning of the federal Insurance Contributions Act, would not constitute "wages" within the meaning of that act. The term "wages" shall not include the amount of any payment made on account of sickness or accidental disability under a plan or system approved by the state agency.
The answer to the first question presented is that compensation received pursuant to Sections 50.332 or 52.430.3, RSMo Supp. 1984, is "wages" for social security purposes.
The second question presented deals with the responsibility for reporting; i.e., are the contract services performed in the capacity of a county or city employee. We believe the common law control test should be applied to determine whether the services are performed in the capacity of a county or city employee. As Section 50.332, RSMo Supp. 1984, requires the contract to be approved by the governing body of the county, we believe the county controls the employment, and the collector's or other official's services are performed in the capacity of a county employee for social security purposes. Therefore, the county should report Section 50.332 contract services for social security purposes. Section 52.420.3, RSMo Supp. 1984, does not expressly contain any such approval mechanism, however, the requirement of approval of the contract by the county commission appears to be implied. This subsection specifically provides that the payment for these contract services is from the county treasury. We believe that payment is an additional indication of control. Accordingly, the county should report Section 52.420.3 contract services for social security purposes.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Section 50.332, RSMo Supp. 1984, originated as Section 2 of Conference Committee Substitute for Senate Bill No. 478, 1982 Mo. Laws 212. C.C.S.H.C.S.S.B. 478 was held unconstitutional in violation of Article VI, Section 11, Missouri Constitution.Baumli v. Howard County, 660 S.W.2d 702 (Mo. banc 1983). We do not opine on whether Section 50.332, RSMo Supp. 1984, is constitutional.