Margaret KELLY, CPA, State
Auditor, Appellant,

v.

Richard HANSON, Commissioner
of Administration, et al.,
Respondents.

No. WD 52302.

Missouri Court of Appeals,
Western District.

Aug. 13, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 1, 1996.

Application to Transfer Denied
Nov. 19, 1996.

Marc H. Ellinger, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James McAdams, Asst. Atty. Gen., Jefferson City, for Respondent.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

LOWENSTEIN, Judge.

This case centers on the question of whether the appellant, the State Auditor of Missouri, has standing to bring a declaratory judgment action to enforce and define the office's powers to set up certain accounting systems under the Missouri Constitution.

Margaret Kelly, State Auditor, filed a declaratory judgment suit against Richard Hanson, Commissioner of Administration, and Mark Ward, Director of the Division of Budget and Planning. The Auditor's suit alleges that the defendants/respondents, collectively known as the Office of Administration, Division of Budget and Planning, were not calculating state revenues under the accounting system established by the Auditor. The petition asks for a declaration that each of five specific revenue accounts be calculated according to the Auditor's accounting system.

Upon respondents' motion, the circuit court dismissed the suit because the Auditor lacked standing. As the circuit court saw it, the suit was to enforce the Hancock Amendment, Article X, §§ 16–24 of the Missouri Constitution. Respondents' motion to dismiss was based upon the Supreme Court of

Missouri's opinion in *Fort Zumwalt School District v. State of Missouri,* 896 S.W.2d 918 (Mo. banc 1995), which held that only a taxpayer has standing to enforce Hancock.[1] The Auditor argues in turn that the suit is not for enforcement of Hancock.

Because the suit was dismissed for a lack of standing, the merits of the case need not be discussed in great detail. However, it will be helpful at this point to more fully explain the relief the Auditor requests in the declaratory judgment petition, to determine whether the Auditor has standing to request such relief.

The Auditor's petition contains five counts, the general factual basis of which is as follows:

5) Auditor is required by Article IV, Section 13 of the Missouri Constitution to establish appropriate systems of accounting for all public officials of the state. . . .

7) The Hancock Amendment limits the amount of taxes which may be imposed by the General Assembly. . . .

8) The Hancock Amendment mandates a refund if the revenue limit established in § 18(a) is exceeded. . . .

11) The annual financial data provided by [respondents] should correctly report the revenues of the state, federal funds excluded, in relation to the revenue limit found in Article X, § 18(a). This data is reviewed by the Auditor and a report is issued.

12) The classification of revenues is an aspect of establishing an appropriate accounting system for all public officials of the state. The Auditor has classified revenues for purposes of the Hancock Amendment as detailed in the annual "Hancock Report" which is attached as Exhibit 1 to this petition.

13) The primary differences between the calculations of the Auditor and [respondents] are: 1) the inclusion of revenues from the taxes imposed without voter approval under the federal reimbursement allowance associated with the Medicaid program, 2) the inclusion of additional revenues from the additional use tax imposed without voter approval by the state, 3) the inclusion of certain revenues associated with state gaming activities, and 4) the adjustment of the revenue limits for the transfer of deputy circuit clerks from the county payroll to the state payroll.

14) The magnitude of the overall difference between the positions of the Auditor and [respondents] present significant fiscal implications to the state, to government operations, to citizens and to taxpayers. Government officials must be apprised of what the actual limitations are in order to act appropriately and prudently preserve the welfare of the people of the state.

The Auditor's petition asks for the declaration that each of the above four "primary differences" between the Auditor's calculations and respondents' calculations (in para. no 13 above) be corrected to follow the Auditor's classification of revenues.

■ This court must answer two preliminary questions before it turns to the issue of standing. The first and most important issue is whether this court has jurisdiction to hear the appeal. If the case before this court involves "the construction of the revenue laws of this state," this court has no jurisdiction under Article V, Section 3 of the Missouri Constitution. However, in order for a case to be subject to exclusive jurisdiction of Supreme Court on the ground it calls for a construction of revenue laws, revenue law must be directly and primarily concerned, not merely indirectly or as an incident. *Robb v. Brown's Estate,* 518 S.W.2d 729 (Mo.App.1974). Although various revenue laws (1–4 in paragraph of the petition) are indirectly involved, the true issue is whether the State Auditor has standing to bring a declaratory judgment action to declare the appropriate classification of certain state revenues, in light of the Auditor's power under Art. IV, § 13 of the Missouri Constitution to develop a system of accounting.

---

1. In an alternative argument, the Auditor asserts that the Hancock Amendment has been amended since the suit and now grants standing to sue to "statewide elected officials." MO CONST. ART. x, § 18(e). However, this section does not affect the instant case because, as explained in the opinion, the suit is not to enforce Hancock.

The fact that revenue laws are peripherally involved does not give the Missouri Supreme Court exclusive jurisdiction.

The Auditor also asked that the case be transferred before opinion to the Supreme Court for reasons of general importance under Art. V, § 10, and the Supreme Court denied transfer. Accordingly, this court concludes it has jurisdiction over the appeal.

■ The second preliminary issue comes on a motion to dismiss the appeal submitted with the case by respondents. Respondents argues that the State Auditor does not have standing to litigate in the appellate courts, because the Attorney General has the exclusive right to litigate on behalf of the state in the appellate courts. Respondents base the argument on §§ 27.050–.060, RSMo. (1994), which read in relevant part as follows:

The attorney general shall appeal on behalf of the state in the court of appeals and in the supreme court and have the management of and represent the state in all appeals to which the state is a party.... Section 27.050.

The attorney general shall institute, in the name and on the behalf of the state, all civil suits ... to protect the rights and interest of the state.... Section 27.060.

Respondents' argument is not well taken. The above statutes do not stand for the proposition that a state officer is precluded from appealing a judgment in an action to protect, declare, and enforce the powers of his or her office. These statutes do not address the problem when, as here, one state officer or agency is opposing another. Finally, the issue of whether the Auditor can appeal is necessarily intertwined with the primary issue, addressed below, of whether the Auditor can bring suit in the circuit court in the first place.

### STANDING

■ The circuit court dismissed the petition, concluding that only a taxpayer has standing to sue to enforce the Hancock Amendment under *Fort Zumwalt*. Specifically, *Fort Zumwalt* said the following:

The school district plaintiffs do not, because they cannot, claim status as taxpay-

ers. We hold, therefore, as did the trial court, that the school district plaintiffs in this case are without standing to bring an action to enforce Article X, Section 21.

*Fort Zumwalt* can be distinguished from the Auditor's suit. In *Fort Zumwalt*, school districts brought an action under the Hancock Amendment against the state and state officials for failure to maintain sufficient state funding for special education. The Auditor's suit is not to enforce Hancock, but to declare whether the Auditor's powers extend to establishing a "system of accounting" that respondents are not following. The Hancock Amendment is implicated only because the revenue reports, whether the Auditor's or OA–BP's, are later used in the calculations under the Hancock Amendment. Thus, this case involves the Hancock Amendment only peripherally, and the questions raised in the declaratory judgment action can be raised and resolved independent of the amendment's provisions. *See Baumli v. Howard County*, 660 S.W.2d 702 (Mo. banc 1983).

■ The question remains whether the Auditor has the capacity to bring a declaratory judgment action. This court believes so. Three requirements must be satisfied to maintain a declaratory judgment. "First, plaintiff must show a justiciable controversy in which the petition presents a real, substantial, presently existing controversy giving rise to specific relief as distinguished from an advisory decree upon a hypothetical situation.... Second, plaintiff must have a legally protected interest consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief.... Third, the question presented must be ripe for judicial determination." *City of St. Louis v. Milentz*, 887 S.W.2d 709, 711 (Mo.App.1994) (citations omitted). The State Auditor's petition seems to meet these requirements.

State officers have the capacity to bring suit to enforce their powers and duties under the Missouri Constitution. For example, in *State ex rel. Twenty-Second Judicial Circuit v. Jones*, 823 S.W.2d 471, 474 (Mo. banc 1992), the presiding judge of the circuit was found to be authorized to bring an action due

to the constitutional power vested in the court. In *Director of Revenue v. State Auditor,* 511 S.W.2d 779 (Mo.1974), the Director of Revenue filed a declaratory judgment action against the State Auditor to determine whether the Auditor, in performance of the office's constitutional duty to postaudit the Department of Revenue, was entitled to access to individual tax returns in custody of the Department of Revenue. The State Auditor clearly has the capacity to file the suit before this court.

This court holds that the State Auditor has standing to proceed in the declaratory judgment suit. This ruling does not presuppose any particular result in the suit. It is for the circuit court to determine bounds of the Auditor's power under the constitution and under whose accounting system the revenue figures should be calculated.

Reversed and remanded to the trial court with directions to proceed in accordance with this opinion.

All concur.